■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN GRIFFIN, Appellant, v. WARDEN, BROOKLYN HOUSE OF DETENTION FOR MEN, Respondent. — In a habeas corpus proceeding, relator appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, entered February 5, 1971, as denied the application for a writ. Appeal dismissed, without costs. The application for the writ was based, inter alia, on excessive bail. This issue is moot in light of relator's subsequent plea of guilty, at which time he withdrew all motions and appeals. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.

■ VILLAGE OF QUOGUE, Appellant, v. PARKER LADD et al., Respondents.— In an action to enjoin specified violations of a zoning ordinance and to recover penalties under the ordinance for such violations, (1) plaintiff village appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County, entered April 3, 1972, (a) as granted defendants' separate cross motions for reargument of their prior separate unsuccessful cross motions for summary judgment and (b) as, upon said reargument and also upon reargument of plaintiff's prior unsuccessful motion for summary judgment, granted defendants' said motions for summary judgment and denied plaintiff's said motion for summary judgment; and (2) plaintiff also appeals from a judgment of the same court, entered April 7, 1972, dismissing the complaint. Order modified, on the law, by striking therefrom the second, third and fourth decretal paragraphs, which determined all the motions for summary judgment, and substituting therefor a provision denying defendants' motions for summary judgment and granting plaintiff's motion for summary judgment to the extent of granting plaintiff the injunctive relief sought by it, together with a penalty of $100 separately against each of the three defendants. As so modified, order affirmed insofar as appealed from. Judgment reversed, on the law, and judgment directed to be entered in accordance herewith. Appellant is awarded one bill of $10 costs and disbursements against respondents jointly, to cover both appeals. We find that the summer rental of the subject one-family residence to a group of 11 unrelated young adults was a violation of the zoning ordinance of the plaintiff village insofar as the ordinance limits building use in a Residence A-1 district to "One one-family main residence dwelling upon a plot of land in one ownership". Considering the ordinary and commonly accepted meaning of the phrase "one-family", the described group cannot be considered as constituting a family. Appellant's brief states that "appellant hereby stipulates that its prayer for a monetary penalty against respondents be reduced to a total sum of $100 against each respondent" (the ordinance prescribes a penalty not exceeding $100 "for each and every such violation * * * and for each and every day after the first day that any such violation * * * shall continue"). Because of this, we limit the penalty as hereinabove provided. Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.