■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ROBERT BENNETT, Appellant.—Appeal by the defendant from a
judgment of the Supreme Court, Kings County (Bianchi, J.),
rendered May 24, 1988, convicting him of robbery in the third
degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of
discretion in the interest of justice, by vacating the sentence
imposed and the adjudication that the defendant is a second
violent felony offender and substituting an adjudication that
the defendant is a second felony offender; as so modified, the
judgment is affirmed, and the matter is remitted to the
Supreme Court, Kings County, for resentencing.

The defendant's challenge to the trial court's instructions to
the jury regarding his failure to testify is unpreserved for
appellate review *(see, People v Autry,* 75 NY2d 836, 839). In
any event, we find that in light of the overwhelming evidence
of the defendant's guilt there was no reasonable possibility
that the error contributed to the defendant's conviction, ren-
dering the error harmless beyond a reasonable doubt *(see,
People v Vereen,* 45 NY2d 856; *People v Baker,* 153 AD2d 865).

We further find that the defendant failed to raise an objec-

tion to the adjudication that he is a second violent felony offender at the time of sentencing or in a motion for resentencing. Therefore, his claim is not preserved for appellate review *(see, People v Lemon,* 62 NY2d 745, 746; *People v Wolmart,* 140 AD2d 733). However, we reach this issue in the exercise of our interest of justice jurisdiction. Although the transcript of the stenographic minutes of sentencing is somewhat ambiguous, it appears that the defendant was adjudicated and sentenced as a second violent felony offender rather than a second felony offender. Since the defendant was convicted of robbery in the third degree, a class D nonviolent felony *(see,* Penal Law § 70.02 [1] [c]), the matter should be remitted for resentencing *(see, People v Smith,* 129 AD2d 517). Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.