■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NANCY VALLE, Respondent. [605 NYS2d 904] —Appeal by the People from an order of the Supreme Court, Kings County (DeLury, J.), dated June 4, 1992, which granted the defendant's motion to dismiss the indictment pursuant to CPL 190.50 (5) (c).

Ordered that the order is reversed, on the law, the motion is denied, and the indictment is reinstated.

The Supreme Court erred in granting the defendant's motion based on an alleged interference with her right to testify before the Grand Jury. CPL 190.50 (5) (c) provides that a motion to dismiss an indictment because a defendant has not been allowed to testify before the Grand Jury must be made not more than five days after the defendant is arraigned on the indictment. The issue is waived if the defendant fails to timely move. In this case, it is undisputed that the defendant filed her motion six days after her arraignment on the indictment. Therefore, the defendant waived any claim arising under CPL 190.50 (see, People v Webb, 195 AD2d 614).

In any event, we find that the conduct of the Assistant District Attorney in question did not violate the defendant's right to testify before the Grand Jury and does not mandate dismissal of the indictment (see, People v Loizides, 125 Misc 2d 537).

We also find the People's notice of appeal to have been timely filed *(see, People v Herrara,* 171 AD2d 85; *People v Stager,* 124 AD2d 982). Thompson, J. P., Balletta, Miller and Joy, JJ., concur.