■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK OBEE, Appellant. [648 NYS2d 619] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered November 9, 1994, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree, assault in the second degree, criminal possession of a weapon in the fourth degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After an incident in a grocery store in Queens on October 16, 1993, the defendant was arraigned on two felony complaints. The first felony complaint, charging the defendant with assault in the second degree and harassment in the second degree, alleged that the defendant "with intent to cause physical injury to [the victim] caused such injury, to wit: laceration to forehead to [the victim] by means of striking him on the forehead to wit: beer bottle * * * which required twelve (12) stitches to close". The second felony complaint, charging the defendant with reckless endangerment in the first degree, alleged that "under circumstances evincing a depraved indifference to human life [the defendant] recklessly engaged in stating to his associat[e] to fire numerous rounds at [a] supermarket[,] conduct which created a grave risk of death to [the victim]".

At his arraignment, the defendant was duly served with notice that the charges in the felony complaints would be pre-

sented to the Grand Jury. The defendant declined to testify before the Grand Jury.

The defendant was subsequently charged in an indictment with attempted murder in the second degree, robbery in the first degree (three counts), robbery in the second degree (two counts), criminal possession of weapon in the second degree, criminal possession of a weapon in the third degree, assault in the second degree (two counts), criminal possession of a weapon in the fourth degree, and reckless endangerment in the first degree. The factual allocutions all related to the incident at the grocery store on October 16, 1993, and specified that in the course of a robbery, the defendant and an accomplice caused physical injury to the victim. In this regard, the indictment specified that the defendant used a loaded firearm in the course of the robbery, that he struck the victim with a beer bottle, causing physical injury and that "acting in concert with other persons * * * the defendant did aim and discharge a loaded weapon * * * in the direction of other persons". He was arraigned on the indictment on December 15, 1993.

By notice of motion dated January 26, 1994, the defendant moved to dismiss the indictment on the ground that the charges presented to the Grand Jury and subsequently enumerated in the indictment were not identical to those contained in the felony complaints. Accordingly, the defendant asserted, he was not able to make an informed choice as to whether to testify before the Grand Jury and his right to so testify was thereby improperly compromised (see, CPL 190.50 [5] [a]). The Supreme Court denied this motion as untimely.

Having failed to move to dismiss the indictment within five days of his arraignment thereon, the defendant has waived the contention raised herein (see, CPL 190.50 [5] [c]; People v Valle, 198 AD2d 459).

The defendant's remaining contention is without merit (see, People v Fletcher, 140 Misc 2d 389, 392; see also, People v Flores, 84 NY2d 184, 188). Thompson, J. P., Sullivan, Santucci and McGinity, JJ., concur.