■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ZINAMAN, Appellant. [687 NYS2d 316] —Judgment, Supreme Court, New York County (Herbert Altman, J., on pretrial motions; Harold Beeler, J., at jury trial and sentence), rendered December 5, 1997, convicting defendant of four counts of sexual abuse in the first degree, and sentencing him to concurrent terms of 3 to 6 years, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The motion court properly granted the People's motion for consolidation and properly denied defendant's severance motion. The cases were joinable because, even though based upon different criminal transactions, the offenses were of such nature that proof of any one would be material and admissible as evidence in chief upon a trial of the others (CPL 200.20 [2] [b]). In this connection, the court properly ruled that defendant's alleged misuse of nitrous oxide in each case was proof of a unique *modus operandi* designed to attain a particular end. Once the court determined that the separate charges were properly joinable pursuant to CPL 200.20 (2) (b), "the court lacked statutory authority to sever" under CPL 200.20 (3), which applies where joinability rests solely upon the fact that the charged offenses are the same or similar in law (*People v Bongarzone*, 69 NY2d 892, 895).

The trial court properly denied defendant's application for dismissal of a sworn juror based on the juror's advice to the

court and parties that she had some training in the field of neuroscience that touched upon the subject matter of expert testimony received at trial. The juror's assurances, following extended inquiry, that she would refrain from applying her own knowledge to the deliberations and would determine the case based solely on the evidence presented, supported a finding that the juror did not possess a state of mind that would prevent her from rendering an impartial verdict (*People v Buford*, 69 NY2d 290, 298).

We perceive no abuse of discretion in sentencing.

We have considered and rejected defendant's additional arguments. Concur—Nardelli, J. P., Lerner, Mazzarelli and Saxe, JJ.