■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELI MOORE, Appellant. [701 NYS2d 642] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (F. Rivera, J.), rendered September 23, 1998, convicting him of attempted grand larceny in the third degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly denied the defendant's request for a missing witness charge based on the People's failure to call one of the police officers who had been at the scene of the crime. The defendant failed to make a prima facie showing that the witness could be expected to have knowledge about a material issue in the case or that his testimony would be favorable to the People (*see, People v Macana,* 84 NY2d 173; *People v Smith,* 254 AD2d 312). O'Brien, J. P., S. Miller, McGinity and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PURCELL, Appellant. [703 NYS2d 492] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (F. Rivera, J.), rendered July 8, 1997, convicting him of criminal contempt in the first degree, assault in the third degree, aggravated harassment in the second degree, and harassment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied the opportunity to testify before the Grand Jury was waived by his failure to timely move to dismiss the indictment (*see,* CPL 190.50; *People v Obee,* 232 AD2d 430; *People v Valle,* 198 AD2d 459). In any event, the contention is without merit.

The Supreme Court did not err in modifying its *Sandoval* ruling to allow impeachment on cross-examination of the defendant's mother by the use of two of the defendant's prior convictions. Once the defendant or a defense witness testifies to facts which conflict with the previously-precluded evidence, the defense has "opened the door" on that issue, and the witness is properly subject to impeachment by the prosecution's use of the otherwise-precluded evidence (*see, People v Fardan,* 82 NY2d 638, 646).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Ritter, J. P., Friedmann, Feuerstein and Smith, JJ., concur.