■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HONG VUU, Appellant. [726 NYS2d 855] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered September 18, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to a term of 4 to 8 years, unanimously affirmed.

The court properly exercised its discretion when it refused to accept defendant's waiver of his right to be present during sidebar conferences with prospective jurors, and directed that as a result there would be no such sidebars (*see, People v Janvier*, 92 NY2d 993, 996; *People v Vargas*, 88 NY2d 363, 376). Defendant's statements during his colloquy with the court were inconsistent with a knowing and voluntary waiver. Defendant's claim that the court should have conducted a further inquiry is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's inquiry, which was conducted through a qualified interpreter and which included an extensive explanation of the right defendant was offering to waive, was sufficient.

The challenged portions of the prosecutor's summation do not warrant reversal (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Contrary to defendant's assertion, the prosecutor made reasonable, evidence-based credibility arguments in response to defendant's summation and did not express a personal opinion as to the officers' veracity. Concur—Rosenberger, J. P., Andrias, Lerner, Saxe and Friedman, JJ.