THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMZAN ALI, Appellant. [739 NYS2d 583] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered February 26, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his statutory right to testify before the grand jury. However, by failing to move to dismiss the indictment within five days of his arraignment, the defendant waived that contention (*see,* CPL 190.50 [5] [c]; *People v DiGabriele,* 262 AD2d 331; *People v Obee,* 232 AD2d 430, 431; *People v Valle,* 198 AD2d 459). We find no factual support in the record for the allegation that the five-day limit was extended.

The defendant contends that he was denied the effective assistance of counsel due to defense counsel's failure to make a timely motion pursuant to CPL 190.50. Failure to make such a motion, standing alone, does not constitute the denial of effective assistance of counsel (*see, People v Wiggins,* 89 NY2d 872, 873; *People v DiGabriele, supra*). Ritter, J.P., O'Brien, Crane and Cozier, JJ., concur.