**James DAVIS, Petitioner–Appellant,**

v.

**Dominic MANTELLO, Respondent–Appellee.**

Docket No. 01–2264.

United States Court of Appeals, Second Circuit.

May 22, 2002.

---

Marsha Taubenhaus, New York, New York, for Petitioner–Appellant.

Howard Goodman, Assistant District Attorney, Kings County (Leonard Joblove, Assistant District Attorney, Kings County, on the brief) for Charles J. Hynes, District Attorney, Kings County, for Respondent–Appellee.

Present OAKES, and KATZMANN, Circuit Judges; and MURTHA,[*] District Judge.

### Summary Order

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *J.*), it is hereby

ORDERED, ADJUDGED, AND DE-CREED that the judgment of the District Court is AFFIRMED.

Petitioner James Davis and his co-defendant, Terran Vanexel, were accused of robbing a hardware store in Brooklyn, New York on July 12, 1995. After a jury trial in the Supreme Court, Kings County, the petitioner was convicted of three counts of robbery in the first degree, one count of assault in the second degree, and one count of unlawful imprisonment in the first degree. He was sentenced to consecutive terms of imprisonment of seven and one-half to fifteen years for two of the counts of first degree robbery and concurrent sentences for the other crimes. The parties' familiarity with the facts and procedural history of this case is assumed.

This Court reviews a district court's denial of a petition for a writ of habeas corpus *de novo. Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 8080 (2d Cir.2000);

[*] The Honorable J. Garvan Murtha, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

*Reyes v. Keane,* 118 F.3d 136, 138 (2d Cir.1997).

■ We agree with the district court that the petitioner's claim that he was denied the right to testify before the grand jury is procedurally barred pursuant to N.Y.Crim. Proc. Law § 440.10. A motion to vacate a judgment is only available when there are insufficient facts on the record to enable adequate review of the petitioner's claims on direct appeal. N.Y.Crim. Proc. Law § 440.10(2)(c); *see also People v. Cooks,* 67 N.Y.2d 100, 104, 500 N.Y.S.2d 503, 491 N.E.2d 676 (1986). The Supreme Court, Kings County denied the petitioner's motion to vacate his judgment of conviction pursuant to § 440.10, concluding that all of the petitioner's claims, including a claim that he was denied the right to testify before the grand jury, were based upon facts appearing on the record and that the defendant's claims were therefore procedurally barred.

New York appellate courts have consistently considered and rejected a defendant's argument on direct appeal that he was denied the opportunity to testify before the grand jury where the record showed that the defendant failed to timely move to dismiss the indictment or to file his notice of intent to testify before the grand jury with the District Attorney. *See, e.g., People v. Rawles,* 279 A.D.2d 267, 268, 719 N.Y.S.2d 17 (1st Dep't 2001) (holding that motion to dismiss the indictment was properly denied because defendant never filed his request to testify before the grand jury); *People v. Purcell,* 268 A.D.2d 491, 491, 703 N.Y.S.2d 492 (2d Dep't 2000) (holding that defendant's argument that he was denied the opportunity to testify before the grand jury was waived by his failure to timely move to dismiss the indictment); *People v. Beyor,* 272 A.D.2d 929, 930, 708 N.Y.S.2d 535 (4th Dep't 2000) (holding that defendant waived his claim that he was denied the opportunity to appear before the grand jury by failing to move to dismiss the indictment within five days after arraignment); *People v. Nesbett,* 255 A.D.2d 950, 950, 682 N.Y.S.2d 324 (4th Dep't 1998) (holding that defendant's claim that he was denied the right to testify before the grand jury is meritless as he did not serve the District Attorney with notice of intent to testify). These cases demonstrate that the petitioner should have raised his claim on direct appeal rather than in a post-conviction motion to vacate. Moreover, because defense counsel could have raised the argument on direct appeal, but did not, this failure was unjustified. *See People v. Felton,* 239 A.D.2d 120, 121, 657 N.Y.S.2d 34 (1st Dep't 1997). The unjustifiable failure to raise on direct appeal a claim that appears on the face of the record is a procedural default under New York law and therefore constitutes an independent and adequate state ground for the state court's rejection of the petitioner's claim. *Levine v. Comm'r of Corr. Servs.,* 44 F.3d 121, 126 (2d Cir.1995). Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Reid v. Senkowski,* 961 F.2d 374, 377 (2d Cir. 1992).

■ Moreover, even if this court were able to review the petitioner's claim, his claim would fail on the merits. Claims of deficiencies in state grand jury proceedings are not cognizable in a habeas corpus proceeding in federal court. *See Lopez v. Riley,* 865 F.2d 30, 32 (2d Cir.1989) (relying on *United States v. Mechanik,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986)); *Mirrer v. Smyley,* 703 F.Supp. 10, 11–12 (S.D.N.Y.1989), *aff'd,* 876 F.2d 890

(2d Cir.1989).[1]

The petitioner's second claim on appeal is that his trial attorney was ineffective because he failed to request a missing witness charge for Dwayne Williams. Because the state appellate division adjudicated the petitioner's ineffective assistance claim on the merits, *see People v. Davis,* 248 A.D.2d 724, 673 N.Y.S.2d 915 (2d Dep't 1998), we cannot grant his habeas petition unless the adjudication by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir.2001). Thus, the issue for this court is whether the state court unreasonably applied the *Strickland* standard. *See Lindstadt v. Keane,* 239 F.3d 191, 198 (2d Cir.2001); *Loliscio v. Goord,* 263 F.3d 178, 193 (2d Cir.2001).

To prove ineffective assistance of counsel, petitioner must show that (1) his counsel's performance was deficient and (2) this deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Bloomer v. United States,* 162 F.3d 187, 192 (2d Cir.1998). To determine whether a counsel's conduct is deficient, 'the court must ... determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' " *Lindstadt,* 239 F.3d at 198–99 (quoting *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052). Prejudice requires showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice "the defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. The Supreme Court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.*

■ A review of the record indicates that trial counsel was not deficient in failing to request a missing witness charge. A party seeking a missing witness charge must demonstrate, among other things, that the witness would provide non-cumulative testimony. *People v. Gonzalez,* 68 N.Y.2d 424, 427, 509 N.Y.S.2d 796, 502 N.E.2d 583 (N.Y.1986). A missing witness charge is not appropriate when the witness's testimony would merely corroborate the testimony of other witnesses. *People v. Keen,* 94 N.Y.2d 533, 539, 707 N.Y.S.2d 380, 728 N.E.2d 979 (N.Y.2000). The state argues that Williams' testimony would not have added anything to the testimony of

---

1. We also reject the petitioner's argument that his claim should be interpreted as a claim for ineffective assistance of counsel based on his attorney's failure to secure his right to testify before the grand jury. Even reading petitioner's *pro se* federal habeas petition liberally, we find that it does not assert an ineffective assistance claim in connection with the grand jury proceedings. Moreover, even assuming that the petition did assert such a claim and that petitioner exhausted this claim in the state courts, which is very questionable, it would nevertheless fail on the merits. A defendant's right to testify before the grand jury is not a constitutional right; rather, it is a statutorily created right. N.Y.Crim. Proc. Law § 190.50(5). New York courts have consistently held that counsel's failure to ensure that the defendant testifies before the grand jury does not amount to ineffective assistance of counsel. *See, e.g., Kohler v. Kelly,* 890 F.Supp. 207, 213 (W.D.N.Y.1994) (citing New York cases), *aff'd,* 58 F.3d 58 (2d Cir.1995); *People v. Hunter,* 169 A.D.2d 538, 539, 564 N.Y.S.2d 391 (1st Dep't 1991); *People v. Hamlin,* 153 A.D.2d 644, 544 N.Y.S.2d 859, 860 (2d Dep't 1989).

Monroe or Stone as Williams and Monroe were together throughout the entire duration of the robbery. Monroe's testimony supports this argument. Contrary to the petitioner's assertions, the record does not show that Monroe and Stone contradicted each other in any significant way. Thus, in all likelihood, Williams would not have added any new information had he testified.

Moreover, the petitioner cannot show that he was prejudiced by his attorney's failure to request the charge. Even if the court had granted the request for a missing witness charge, there is "no significant probability that a properly instructed jury would have acquitted [the] defendant." *People v. Vasquez*, 76 N.Y.2d 722, 725, 557 N.Y.S.2d 873, 557 N.E.2d 109 (N.Y.1990); *People v. Robertson*, 205 A.D.2d 243, 247, 618 N.Y.S.2d 330 (1st Dep't 1994). The testimony of Monroe and Stone provided compelling evidence that the defendant committed the crimes with which he was charged. Therefore, the state court did not unreasonably apply *Strickland* in finding that trial counsel's representation did not fall below an objective standard of reasonableness.

We have reviewed all of the appellant's other arguments. We affirm the judgment of the district court.