■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ROBINSON, Appellant. [751 NYS2d 543] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered December 6, 1999, convicting him of robbery in the first degree and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony and statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was arrested, without a warrant, at a public homeless shelter in Brooklyn. Entry to the shelter was controlled by a sign-in blotter and a metal detector, which were maintained by the shelter's employees. The supervisor of the shelter consented to the arresting detective's entry into the

shelter, and the shelter's supervising guard escorted the detective to the room and bed to which the defendant had been assigned. There were no doors or locks preventing entry onto the floors or into the rooms in which the shelter's inhabitants were assigned.

The defendant's contention that the shelter's supervisor and guard supervisor were not authorized to consent to the detective's entry to the shelter or to his room is unpreserved for appellate review (*see* CPL 470.05; *People v Udzinski,* 146 AD2d 245). In any event, the defendant's contention is without merit. The shelter's supervisor and guard supervisor, by virtue of their control over access to the shelter and the shelter's rooms, and their maintenance of the sign-in blotter and metal detectors, were authorized by the shelter's inhabitants to consent to the entry into the shelter and the rooms by anyone who had legitimate business there (*see People v Nalbandian,* 188 AD2d 328). Accordingly, since the detective had obtained the voluntary consent of both the shelter's supervisor and the guard supervisor to enter the shelter and the room to which the defendant was assigned, the defendant's warrantless arrest was proper (*see People v Cosme,* 48 NY2d 286; *People v Nalbandian, supra*).

In any event, to invoke the protection of the Fourth Amendment, a defendant must exhibit an actual expectation of privacy, which society is prepared to recognize as reasonable (*see Minnesota v Olson,* 495 US 91; *People v Ramirez-Portoreal,* 88 NY2d 99). The defendant did not have any reasonable expectation of privacy in his room or bed at the shelter, given the semi-public nature of the living area (*see People v Nalbandian, supra*).

The contentions raised by the defendant in his supplemental *pro se* brief either were waived by him (*see* CPL 190.50 [5] [c]; *People v Ali,* 292 AD2d 538, *lv denied* 98 NY2d 729) or are without merit (*see People v Morales,* 228 AD2d 704; *People v Rohan,* 214 AD2d 755). Altman, J.P., S. Miller, Adams and Cozier, JJ., concur.