■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY McKOY, Appellant. [751 NYS2d 882] —Appeal by the defendant from two judgments of the County Court, Suffolk County (Cacciabaudo, J.), both rendered March 24, 2000, convicting him of burglary in the first degree, burglary in the second degree, and criminal possession of stolen property in the third degree under Indictment No. 576/99, and burglary in

the second degree under Indictment No. 1189/99, upon his pleas of guilty, and imposing sentences as a second violent felony offender.

Ordered that the judgments are modified, as a matter of discretion in the interest of justice, by vacating the sentences imposed and the adjudication of the defendant as a second violent felony offender, and substituting therefor an adjudication of the defendant as a second felony offender; as so modified, the judgments are affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing of the defendant as a second felony offender.

The defendant failed to object to his adjudication as a second violent felony offender on the ground that the crime which formed the predicate violent felony did not constitute a violent felony offense pursuant to Penal Law § 70.02 (1). Therefore, his claim is not preserved for appellate review (*see People v Lemon,* 62 NY2d 745, 746; *People v Bennett,* 162 AD2d 694; *People v Wolmart,* 140 AD2d 733). However, we reach this issue in the exercise of our interest of justice jurisdiction. The defendant's prior conviction in North Carolina was equivalent to the crime of burglary in the third degree in New York, a nonviolent felony (*see* Penal Law § 70.02 [1] [c]; § 140.20). Accordingly, it was error to sentence the defendant as a second violent felony offender (*see People v Bennett, supra*). Feuerstein, J.P., Krausman, Luciano, Townes and Cozier, JJ., concur.