■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SHERROD, Appellant. [761 NYS2d 838] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered December 14, 1998, convicting him of attempted robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Griffin, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied the effective assistance of counsel is without merit. The defense counsel's failure to effectuate the defendant's intention to testify before the grand jury, standing alone, does not constitute the denial of effective assistance of counsel (*see People v Wiggins,* 89 NY2d 872, 873 [1996]; *People v Ali,* 292 AD2d 538 [2002]; *People v DiGabriele,* 262 AD2d 331 [1999]).

The defendant's contention that the evidence was legally insufficient to support the conviction is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The prosecutor's comments during summation do not require reversal because they were largely responsive to the defense counsel's summation (*see People v Small,* 286 AD2d 513, 514

[2001]; *People v Thompson,* 271 AD2d 555 [2000]). Further, to the extent that the prosecutor's comments exceeded proper bounds, the trial court provided timely curative instructions to ameliorate any potential prejudice that might have resulted (*see People v Scotti,* 220 AD2d 543 [1995]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Altman, J.P., Krausman, Luciano and Crane, JJ., concur.