■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GAFFNEY, Also Known as JAMES WILLIAMS, Appellant. [764 NYS2d 727] —Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered March 23, 2000, convicting him of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

To invoke the protection of the Fourth Amendment (*see* US Const 4th Amend), a defendant must exhibit an actual expectation of privacy which society is prepared to recognize as reasonable (*see Minnesota v Olson,* 495 US 91, 95-96 [1990]; *People v Ramirez-Portoreal,* 88 NY2d 99, 108 [1996]; *People v Robinson,* 300 AD2d 511, 512 [2002]; *People v Nalbandian,* 188 AD2d 328, 329 [1992]). The defendant had no reasonable expectation of privacy in his assigned room at a homeless shelter, given the semi-public nature of the room. The defendant could not create any expectation of privacy by placing clothes over the wire mesh to block visual access to the room or by locking the door with a broomstick handle. Absent such reasonable expectation of privacy, the County Court correctly determined that there was no merit to the defendant's challenge to the warrantless entry or to the legality of the search of the premises (*see People v Ramirez-Portoreal, supra; People v Robinson, supra; People v*

*Nalbandian, supra*). Ritter, J.P., Goldstein, McGinity and Crane, JJ., concur.