■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL VENABLE, Appellant. [776 NYS2d 497]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered April 5, 1999, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court abused its discretion when it delayed its acceptance of the defendant's waiver of his right to be present during sidebar conferences with prospective jurors. This contention is unpreserved for appellate review

(*see People v Hong Vuu,* 284 AD2d 285 [2001]; *People v Congelosi,* 266 AD2d 930 [1999]; *People v King,* 234 AD2d 391 [1996]), and in any event, it is devoid of merit (*see People v Williams,* 92 NY2d 993 [1998]; *People v Vargas,* 88 NY2d 363 [1996]; *People v DeLaRosa,* 289 AD2d 150, 151 [2001]).

The defendant also contends that he was denied his statutory right to testify before the grand jury. However, having failed to move to dismiss the indictment within five days of his arraignment thereon, the defendant waived this contention (*see* CPL 190.50 [5] [c]; *People v Purcell,* 268 AD2d 491 [2000]; *People v Obee,* 232 AD2d 430, 431 [1996]; *People v Valle,* 198 AD2d 459 [1993]). In addition, contrary to the defendant's contention, his attorney's failure to effectuate his intention to testify before the grand jury, standing alone, did not constitute the denial of effective assistance of counsel (*see People v Wiggins,* 89 NY2d 872, 873 [1996]; *People v Sherrod,* 306 AD2d 503 [2003]; *People v Ali,* 292 AD2d 538 [2002]; *People v DiGabriele,* 262 AD2d 331 [1999]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are without merit. Florio, J.P., Townes, Cozier and Mastro, JJ., concur.