THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE McCLAIN, Appellant. [814 NYS2d 738]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered February 28, 2003, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress a written statement made by him to law enforcement officials, and certain physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied those branches of the defendant's omnibus motion which were to suppress his written statement made by him to law enforcement officials, and a sweatshirt seized from his locker at the homeless shelter where he resided. The totality of the circumstances indicated that the defendant's statement was voluntarily made (see *People v Jones,* 283 AD2d 665, 667 [2001]; *People v Quinones,* 245 AD2d 314 [1997]; *People v Marshall,* 244 AD2d 508, 508-509 [1997]; *cf. People v Anderson,* 42 NY2d 35, 41 [1977]). Moreover, the People established that the defendant did not have a reasonable expectation of privacy in his locker and that the search was narrowly tailored and conducted (see *People v Ramirez-Portoreal,* 88 NY2d 99, 109 [1996]; *People v Gaffney,* 308 AD2d 598 [2003]). The written guidelines of the homeless shelter authorized searches of lockers. Notices informing residents of the guidelines

were posted throughout the shelter, and the defendant acknowledged signing a document informing him of the guidelines.

Further, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree beyond a reasonable doubt (*see* Penal Law § 120.10 [1]; *People v Wade*, 187 AD2d 687 [1992]; *People v Noel*, 156 AD2d 592, 592-593 [1989]; *People v Patterson*, 118 AD2d 665 [1986]). Moreover, resolutions of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt of assault in the first degree was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are without merit. Crane, J.P., Goldstein, Rivera and Dillon, JJ., concur.