██ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HECTOR NOBLES, Respondent. [815 NYS2d 77]—

Order, Supreme Court, New York County (Budd G. Goodman, J.), entered on or about June 15, 2004, which dismissed the indictment with leave to re-present, unanimously reversed, on the law, and the indictment reinstated.

This appeal by the People concerns defendant's claimed right to dismissal of his indictment on the ground that he was deprived of an opportunity to appear before the grand jury. In this case, defendant's lawyer withdrew notice of defendant's intent to testify before the grand jury without informing defendant.

On February 15, 2004, defendant was arraigned on the charges of criminal sale of a controlled substance in the third degree and criminal possession of marijuana in the fifth degree after being observed selling crack/cocaine. Without consulting his client beforehand, defendant's attorney served notice of defendant's intent to testify before the grand jury.

Ten days later, again without consulting his client, the attorney withdrew notice of defendant's intent to testify before the grand jury. Subsequently, the attorney stated that his failure to speak to defendant was a mistake. However, he also said that he believed defendant should not testify before the grand jury.

Defendant. was indicted for criminal sale of a controlled substance in the third degree. Represented by new counsel, defendant then moved to dismiss the indictment. The court granted defendant's motion to dismiss the indictment, with leave to the People to re-present. The court noted that the attorney admitted "that he behaved in a manner that almost certainly constitutes ineffective assistance of counsel."

This Court's prior decisions in similar cases and circumstances mandate reversal (see *People v DelCerro*, 299 AD2d 160 [2002], *lv denied* 99 NY2d 557 [2002]; *People v Senior*, 15 AD3d 302 [2005], *lv denied* 4 NY3d 856 [2005]). In *DelCerro*, we found that "[d]efense counsel's failure to effectuate defendant's request to testify before the grand jury did not constitute ineffective assistance of counsel" (299 AD2d at 161, citing *People v Wiggins*, 89 NY2d 872, 873 [1996]).

Generally, in order "[t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's [actions]" (*People v Rivera*, 71 NY2d 705, 709 [1988]). Even though the attorney admitted that his failure to consult with defendant was a mistake, the attorney's belief that it was better for defendant not to testify before the grand jury could have been "a reasonable decision by counsel . . . concerned with the perils of providing a prosecutor with potential impeachment material at trial" (*People v Foy*, 220 AD2d 220, 221 [1995], *lv denied* 87 NY2d 901 [1995]). Concur—Mazzarelli, J.P., Friedman, Marlow, Sullivan and Catterson, JJ.