■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN OWENS, Appellant. [842 NYS2d 94]—

Appeals by the defendant from two judgments of the County Court, Orange County (DeRosa, J.), both rendered September 8, 2004, convicting him of attempted criminal possession of a controlled substance in the fourth degree under indictment No. 03-00513, upon his plea of guilty, and criminal possession of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the third degree (two counts) under indictment No. 04-00011, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

The County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty under indictment No. 03-00513, since the defendant's unsubstantiated claim of dissatisfaction with his attorney's representation was refuted by his statements during the plea allocution (*see People v Rangolan,* 295 AD2d 543 [2002];

*People v Weekes,* 289 AD2d 599 [2001]). Moreover, "[t]he defense counsel's failure to effectuate the defendant's intention to testify before the grand jury, standing alone, does not constitute the denial of effective assistance of counsel" (*People v Sherrod,* 306 AD2d 503, 503 [2003]; *see People v Wiggins,* 89 NY2d 872, 873 [1996]; *People v Venable,* 7 AD3d 647, 648 [2004]).

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in closing the courtroom during the trial testimony of two undercover police investigators. Testimony from one of the investigators at the *Hinton* hearing (*see People v Hinton,* 31 NY2d 71 [1972], *cert denied* 410 US 911 [1973]), established, inter alia, that they were still active in undercover work in the area of the defendant's arrest, they had identified suspects who had not yet been arrested, and their safety would be jeopardized and they would likely be prevented from conducting further undercover work if compelled to testify in open court (*see People v Martinez,* 82 NY2d 436, 442-443 [1993]; *People v Lopez,* 19 AD3d 510, 511 [2005]; *People v Green,* 244 AD2d 571 [1997]; *People v Wells,* 225 AD2d 567, 568 [1996]; *cf. People v Kin Kan,* 78 NY2d 54, 58 [1991]).

The prosecutor did not violate the scope of the court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]), when he questioned the defendant regarding the classes of the defendant's prior convictions (*see People v Andrews,* 216 AD2d 571, 572 [1995]).

The defendant's contention that various comments made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review, as the defendant did not object to the remarks at issue and his motion for a mistrial after the completion of summations was untimely (*see People v Salnave,* 41 AD3d 872, 874 [2007]; *People v Morris,* 148 AD2d 552, 552-553 [1989]). In any event, the challenged remarks did not exceed the bounds of rhetorical comment permissible in closing argument and constituted either fair comment upon the evidence presented or fair response to the defense summation (*see People v Galloway,* 54 NY2d 396, 399 [1981]; *People v McHarris,* 297 AD2d 824, 825 [2002]).

The defendant failed to preserve for appellate review his contentions regarding the in-court identification testimony by an undercover police officer (*see* CPL 470.05 [2]; *People v Clark,* 41 NY2d 612, 616 [1977], *cert denied* 434 US 864 [1977]). In any event, the contentions are without merit. The investigator's trial testimony that he saw the defendant at a prior court proceeding at which the defendant was represented by counsel, was not subject to CPL 710.30 notice (*see People v White,* 73

NY2d 468, 474-475 [1989]). Moreover, "[u]nder CPL 60.30, a witness's testimony as to identifications he or she made at prior court proceedings are admissible notwithstanding their bolstering effect on the witness's testimony" (*People v Rosario,* 186 AD2d 598, 599 [1992]).

The defendant's contentions raised in his supplemental pro se brief regarding ineffective assistance of counsel are without merit (*see People v Baldi,* 54 NY2d 137, 151-152 [1981]). Crane, J.P., Goldstein, Skelos and Carni, JJ., concur.