▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH OCCHIONE, Appellant. [942 NYS2d 185]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered July 23, 2008, convicting him of burglary in the second degree, criminal mischief in the third degree, criminal possession of stolen property in the fifth degree, resisting arrest, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of stolen property in the fifth degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

The defendant contends that on the People's reverse *Batson-Kern* application (*see Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638, 657-658 [1990], *cert denied* 498 US 824 [1990]), the trial court erred in failing to consider the third prong of the appropriate standard and subsequently applied the wrong standard in determining that the race-neutral excuses proffered by defense counsel were pretextual. Those contentions

are unpreserved for appellate review, as the defendant failed to object on those grounds at a time when the court could have remedied the perceived error (*see* CPL 470.05 [2]; *People v Correa*, 265 AD2d 488 [1999]). In any event, the trial court's determination that the proffered reasons for challenging the juror in question were pretextual is entitled to great deference and is supported by the record (*see People v Fogel*, 73 AD3d 803, 803-804 [2010]; *People v Clarke*, 64 AD3d 612 [2009]; *People v Quito*, 43 AD3d 411, 412 [2007]; *People v Richie*, 217 AD2d 84, 89 [1995]). Moreover, the record indicates that the trial court properly applied the appropriate standard (*see People v Luciano*, 10 NY3d 499, 503 [2008]; *People v Richie*, 217 AD2d at 89).

The defendant failed to preserve for appellate review his contention that the persistent violent felony offender sentencing scheme under Penal Law § 70.08 violates the principles articulated by the United States Supreme Court in *Apprendi v New Jersey* (530 US 466 [2000]; *see* CPL 470.05 [2]; *People v Kelly*, 16 NY3d 803, 804 [2011]; *People v Rivera*, 9 NY3d 904, 905 [2007]; *People v Cardova*, 88 AD3d 1008, 1009 [2011], *lv denied* 18 NY3d 882 [2012]; *People v McKoy*, 300 AD2d 601, 602 [2002]). In any event, the contention is without merit (*see People v Bell*, 15 NY3d 935, 936 [2010], *cert denied* 563 US —, 131 S Ct 2885 [2011]; *People v Cardova*, 88 AD3d 1008 [2011]).

The defendant contends that he was denied his statutory right to testify before the grand jury. Having failed to move to dismiss the indictment within five days after his arraignment thereon, the defendant waived this contention (*see* CPL 190.50 [5] [c]; *People v Venable*, 7 AD3d 647, 648 [2004]). Further, "contrary to the defendant's contention, his attorney's failure to effectuate his intention to testify before the grand jury, standing alone, did not constitute the denial of effective assistance of counsel" (*People v Venable*, 7 AD3d at 648).

The defendant's contention that the evidence was legally insufficient to establish his guilt of burglary in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt with respect to the count of burglary in the second degree (*see* Penal Law § 140.30; *People v Romero*, 78 AD3d 740, 741 [2010]; *People v Washington*, 26 AD3d 400 [2006]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we are satis-

fied that the verdict of guilt with respect to the count of burglary in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

The People correctly concede that the defendant's conviction of criminal possession of stolen property in the fifth degree must be vacated, since that charge was dismissed before the trial and was mistakenly submitted to the jury (*see People v Romero*, 309 AD2d 953, 954 [2003]).

The defendant's remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review, and, in any event, without merit. Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur.