THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW ZEIGLER, JR., Appellant. [7 NYS3d 600]—

Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Cohen, J.), rendered July 17, 2012, and (2) an amended judgment of the same court, rendered September 25, 2012, convicting him of robbery in the first degree and attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is affirmed.

The defendant entered a plea of guilty to robbery in the first degree and attempted robbery in the first degree. As part of the plea agreement, he waived his right to appeal. The defendant was sentenced in accordance with the plea agreement. Subsequently, the County Court learned that the judgment imposed periods of postrelease supervision that were not permissible under the law, and offered the defendant the opportunity to withdraw his plea. The defendant declined the opportunity on the condition that he be permitted to amend his waiver of the right to appeal to allow him to appeal the issue of the denial of his motion to dismiss the indictment on the ground that he was denied his right to testify before the grand jury. The County Court consented to the amendment, and an amended judgment imposing sentence and the proper periods of postrelease supervision was entered.

Contrary to the People's contention, under the circumstances of this case, the defendant did not waive his challenge to the denial of his motion to dismiss the indictment on the ground

that he was denied the right to testify before the grand jury by pleading guilty in the first instance. However, we find that the County Court properly denied the motion, as the defendant waived his contention by failing to move to dismiss the indictment within five days after his arraignment thereon (*see* CPL 190.50 [5] [c]; *People v Simon*, 101 AD3d 908, 909 [2012]; *People v Occhione*, 94 AD3d 1021, 1022 [2012]; *People v Venable*, 7 AD3d 647, 648 [2004]). Contrary to the defendant's contention, his attorney's failure to effectuate his intention to testify before the grand jury, standing alone, did not constitute the denial of effective assistance of counsel (*see People v Occhione*, 94 AD3d at 1022; *People v Venable*, 7 AD3d at 648).

The defendant's challenge to the procedure used to adjudicate him a second felony offender is precluded by his valid waiver of the right to appeal (*see People v Callahan*, 80 NY2d 273, 281 [1992]; *cf. People v Evans*, 121 AD3d 1012, 1012-1013 [2014]; *People v Ingram*, 118 AD3d 722, 722 [2014]), as is his challenge to the denial of his statutory speedy trial motion (*see People v Kidd*, 100 AD3d 779, 779 [2012]; *People v Holland*, 44 AD3d 874, 874 [2007]). Moreover, by pleading guilty, the defendant forfeited his right to review the speedy trial claim (*see People v Kidd*, 100 AD3d at 779).

Our review of the defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel, is precluded by his valid waiver of the right to appeal, since none of the deficiencies by counsel he alleges implicate the voluntariness of his plea (*see People v Gomez*, 114 AD3d 701, 702 [2014]). Moreover, since his claim of ineffective assistance of counsel did not directly involve the plea bargaining process, the defendant forfeited the claim by pleading guilty (*see People v McGuire*, 122 AD3d 947, 948 [2014]). Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur.