■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SCHULTZ, Appellant. [9 NYS3d 402]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered March 12, 2009, convicting him of burglary in the first degree, robbery in the first degree, robbery in the second degree, assault in the second degree (two counts), criminal possession of stolen property in the fifth degree, resisting arrest, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, trial counsel's failure to move to reopen the suppression hearing did not deprive him of the effective assistance of counsel (*see People v Crespo*, 117 AD3d 1538 [2014]).

The joinder of both burglaries in a single indictment was proper under CPL 200.20 (2) (b), as evidence from the first burglary, which occurred in close spatial and temporal proximity to the second burglary, could be admissible to complete the

narrative of the events relating to the second burglary and to provide necessary background information (*see People v Morris*, 21 NY3d 588, 594 [2013]; *People v Harris*, 117 AD3d 847 [2014]). Thus, trial counsel was not ineffective for failing to move for severance of the indictment (*compare People v Bongarzone*, 69 NY2d 892, 895 [1987], *and People v Zinaman*, 259 AD2d 327 [1999], *with People v Hall*, 120 AD3d 588 [2014]).

Many of the defendant's claims of prosecutorial misconduct are unpreserved for appellate review (*see* CPL 470.05). In any event, we are satisfied that the defendant was not deprived of a fair trial as a result of the prosecutor's conduct (*see People v Williams*, 8 NY3d 854, 855 [2007]; *People v McDonald*, 79 AD3d 771, 772 [2010]).

The defendant's contention that he was deprived of his right to testify before the grand jury was waived, as he failed to move to dismiss the indictment within five days of his arraignment (*see* CPL 190.50 [5] [c]; *People v Venable*, 7 AD3d 647 [2004]; *People v Obee*, 232 AD2d 430, 431 [1996]).

The defendant's contention that he was prejudiced by the use of his arrest photograph at trial is without merit. "An arrest photograph may be admitted into evidence in order to establish that a defendant's appearance was different at the time of the commission of the crime than at trial" (*People v Ahmr*, 22 AD3d 593, 594 [2005]; *see People v Bowels*, 220 AD2d 605, 606 [1995]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.