■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE GORDON, Appellant. [18 NYS3d 121]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered April 23, 2012, convicting him of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree, upon a jury verdict, and sentencing him to consecutive determinate terms of imprisonment of eight years on each of the convictions of criminal sale of a controlled substance in the third degree, to run concurrently with a determinate term of imprisonment of eight years on the conviction of criminal possession of a controlled substance in the third degree, followed by periods of postrelease supervision.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the determinate terms of imprisonment imposed on each of the convictions from eight years to four years; as so modified, the judgment is affirmed.

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence, as defense counsel did not base his motion to dismiss on any specific argument currently raised on appeal (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]). The trial evidence persuasively established that the defendant sold plastic bags containing cocaine to three separate apprehended buyers, and possessed additional plastic bags containing cocaine with the intent to sell them (*see People v Gillyard*, 70 AD3d 854, 854-855 [2010]; *People v Morales*, 309 AD2d 621, 621 [2003]; *People v Rivera-Lugo*, 202 AD2d 333, 333 [1994]).

The defendant's further contention, raised in his pro se supplemental brief, that he was deprived of his right to testify before a grand jury, has been waived, as he failed to move to dismiss the indictment within five days of his arraignment (*see* CPL 190.50 [5] [c]; *People v Schultz*, 128 AD3d 989, 990 [2015];

*People v Zeigler*, 128 AD3d 737, 738 [2015]; *People v Simon*, 101 AD3d 908, 909 [2012]; *People v Venable*, 7 AD3d 647, 648 [2004]). Additionally, he has not established that his attorney's failure to effectuate his appearance before the grand jury constituted ineffective assistance of counsel under the circumstances of this case (*see generally People v Simmons*, 10 NY3d 946, 949 [2008]; *People v Wiggins*, 89 NY2d 872, 873 [1996]; *People v Zeigler*, 128 AD3d at 738; *People v Sain*, 111 AD3d 964, 965 [2013]; *People v Nobles*, 29 AD3d 429, 430 [2006]).

Likewise, the defendant failed to demonstrate that he was deprived of the effective assistance of trial counsel based on allegations that the attorneys who represented him did not adequately advise him regarding the prosecution's plea offers. That contention is refuted by the record of the pretrial proceedings in this case, which establishes that he received meaningful representation (*see generally People v Caban*, 4 AD3d 274 [2004], *lv granted* 2 NY3d 810 [2004], *affd* 5 NY3d 143 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's contention that he was penalized at sentencing for exercising his right to a jury trial is unpreserved for appellate review (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Ested*, 129 AD3d 858 [2015]; *People v Williams*, 127 AD3d 1114, 1118 [2015]). In any event, the record reveals no evidence of retaliation or vindictiveness on the part of the sentencing court against the defendant for electing to proceed to trial (*see People v Prince*, 128 AD3d 987, 988 [2015]; *People v Seymore*, 106 AD3d 1033, 1034 [2013]; *People v Garcia*, 46 AD3d 573, 573-574 [2007]). However, the sentences imposed were excessive to the extent indicated herein (*see generally People v Rivera*, 130 AD3d 655 [2015]; *People v Boone*, 129 AD3d 1099 [2015]; *People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Balkin, Sgroi and Maltese, JJ., concur.