People v McTerrell (2019 NY Slip Op 05568)





People v McTerrell


2019 NY Slip Op 05568


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2015-12385
 (Ind. No. 903/14)

[*1]The People of the State of New York, respondent,
v
Sean McTerrell, appellant.


Paul Skip Laisure, New York, NY (Erica Horwitz of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Victor Barall, and Diane R. Eisner of counsel; Masha Simonova on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered June 25, 2015, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). The Supreme Court's statements at the plea allocution improperly suggested that waiving the right to appeal was mandatory rather than a right which the defendant was being asked to voluntarily relinquish (see People v Moncrieft, 168 AD3d 982, 984; People v Guarchaj, 122 AD3d 878, 879). Additionally, the court failed to inquire of the defendant whether he understood the appeal waiver or to elicit an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Bradshaw, 18 NY3d at 265-266; People v Moncrieft, 168 AD3d at 984). Although the defendant signed a written waiver of the right to appeal, the court never confirmed that the defendant had read and understood the document before signing it (see People v Bratton, 165 AD3d 693; People v Medina, 161 AD3d 778, 779). Thus, the defendant's purported waiver of his right to appeal was invalid, and does not preclude review of his excessive sentence claim.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention, raised in his pro se supplemental brief, that the amount of bail was excessive, has been rendered academic by his plea of guilty (see People ex rel. Ferguson v Campbell, 186 AD2d 319; People ex rel. Griffin v Warden, Brooklyn House of Detention for Men, 40 AD2d 859).
The defendant waived his contention, raised in his pro se supplemental brief, that he was denied the right to testify before the grand jury by failing to move to dismiss the indictment [*2]within five days after his arraignment thereon (see CPL 190.50[5][c]; People v Zeigler, 128 AD3d 737, 738).
The defendant's claims of ineffective assistance of counsel, raised in his pro se supplemental brief, which do not directly involve the plea negotiation process and sentence, have been forfeited by his guilty plea (see People v David, 163 AD3d 846; People v Worthy, 138 AD3d 1042, 1042-1043). The defendant's contention that defense counsel was ineffective with respect to the sentencing proceeding is without merit (see People v Benevento, 91 NY2d 708, 712).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court