■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARGARET TOOMER, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered July 13, 1979, convicting her of criminally negligent homicide and endangering the welfare of a child, upon a jury verdict, and imposing sentence. Judgment affirmed. We have considered all of the arguments advanced by the appellant and are satisfied that the appellant has failed to establish that reversal is mandated. Nevertheless, we deem it important to make known to the District Attorney the fact that we strongly disapprove of language used in summation by the Assistant District

Attorney who tried the case for the People. During the course of summation, the Assistant District Attorney made a number of objectionable statements which, on appeal, the District Attorney acknowledges were either improper or "florid" in nature. In our judgment, such statements, considered cumulatively, border on prosecutorial misconduct and we strongly condemn them. The argument of the office of the District Attorney to the effect that defense counsel provoked the improper remarks is rejected by this court. The Assistant District Attorney trying the case had an obligation to exercise proper restraint and not to cast aside the obligations of his office by the improper characterizations and appeals made to the jury in order to obtain a conviction notwithstanding any improper comment defense counsel may have made during his summation in this case. However, the County Court correctly instructed the jury to disregard the comments of both counsel (see *People v Ashwal,* 39 NY2d 105). That fact, coupled with the overwhelming evidence of the appellant's guilt, leads us to conclude that, on balance, the improper remarks of the Assistant District Attorney did not deprive the appellant of a fair trial (cf. *People v Ochoa,* 86 AD2d 637). Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.