■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ALVAREZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered March 20, 1981, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant and one Hermano Soto were jointly indicted for burglary in the third degree and related offenses. Prior to defendant's trial, Soto pleaded guilty to the burglary count and was sentenced to a term of five years' probation. At the trial, police officers testified that they found and arrested defendant and Soto in the burglarized premises and that property from the premises was found on defendant's person. Soto thereafter testified on behalf of defendant and claimed sole responsibility for the burglary. Soto testified that he had never met or seen defendant before they were placed in a police car together outside the burglarized premises. In an effort to impeach Soto, the prosecutor attempted to prove that Soto and defendant had been arrested together almost three years earlier. Criminal Term directed the prosecutor to limit his proof to whether defendant and Soto had been together on the date of the prior arrest, without eliciting evidence of the arrest itself. The court also allowed the prosecutor to place in evidence Soto's prior certificate of conviction, which indicated that Soto had been arrested on the date on which he had allegedly been seen with defendant, and the court instructed the jury to consider the certificate only with regard to Soto's credibility as a witness. Upon reviewing the record in its entirety, we conclude that defendant was not deprived of a fair trial (see, e.g., *People v Galloway,* 54 NY2d 396). The prosecutor did not elicit evidence of the prior arrest in direct violation of the trial court's directive (cf. *People v Stewart,* 92 AD2d 226, 228). While the prosecutor attempted to circumvent the court's ruling by posing certain questions from which the jury could infer that defendant and Soto had previously been arrested together, the trial court's prompt delivery of curative instructions, coupled with the overwhelming evidence of defendant's guilt, rendered any error in this regard harmless (see *People v Crimmins,* 36 NY2d 230; *People v Higgins,* 88 AD2d 921; *People v Toomer,* 87 AD2d 875). We have considered defendant's remaining contentions and find them to be either unpreserved or without merit. Bracken, J. P., Niehoff and Boyers, JJ., concur.

Brown, J., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: In my opinion, the misconduct of the prose-

cutor in this case, including his improper questioning of witnesses regarding uncharged crimes in direct contravention of the trial court's repeated directions to refrain from such inquiry, and his numerous prejudicial statements during summation, deprived the defendant of a fair trial (*People v Stewart,* 92 AD2d 226; *People v Connor,* 69 AD2d 908).