■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO MARTINEZ, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court did not err in denying defendant's request, made after summations of counsel, to consider a missing witness charge in this nonjury trial *(see, People v Dianda,* 70 NY2d 894, 896, *rearg denied* 71 NY2d 890; *People v Gonzalez,* 68 NY2d 424, 427-428). Nor did the court err in receiving the cocaine into evidence. An adequate chain of custody was established to support its admissibility *(see, People v Julian,* 41 NY2d 340). Discrepancies in the testimony of Investigator Scott and the forensic chemist regarding the amount of the cocaine went only to weight of this evidence and not to its admissibility *(see, People v White,* 40 NY2d 797, 799-800).

The trial court erred in admitting Investigator Scott's testimony that most cocaine brought into the Rochester area originated in either Florida or New York City. Such testimony was neither relevant nor material to any issue in this case. The error, however, may be deemed harmless in light of the overwhelming evidence of defendant's guilt (see, People v Crimmins, 36 NY2d 230, 241-242).

We have reviewed defendant's remaining contentions and we find them to be lacking in merit. (Appeal from judgment of Monroe County Court, Connell, J.—criminal sale of controlled substance, first degree, and another charge.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.