■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAETANO PANEPINTO, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of burglary in the second degree and other related crimes, defendant's sole argument is that he was deprived of his right to a fair trial by the cumulative effect of the prosecutor's references to uncharged crimes in an attempt to portray defendant as a professional burglar. It is, of course, patently improper to introduce evidence of uncharged crimes if the only purpose is to show bad character or a defendant's propensity to commit crime *(People v Alvino,* 71 NY2d 233, 241; *People v Ventimiglia,* 52 NY2d 350, 359; *People v Allweiss,* 48 NY2d 40, 47; *People v Molineux,* 168 NY 264, 313; *People v Buccina,* 124 AD2d 983). Although the prosecutor's conduct at this trial was far from commendable, the trial court properly sustained defendant's objections and gave complete curative instructions to the jury whenever the prosecutor overstepped his bounds. In our view, the court's prompt and complete instructions to the jury were sufficient to cure any error *(see, People v Berg,* 59 NY2d 294, 299-300; *People v Evans,* 136 AD2d 562, *lv denied* 71 NY2d 1026). In view of the strong evidence of guilt and the trial court's curative instructions, we do not believe that the prosecutor's conduct deprived defendant of a fair trial *(see, People v Dunn,* 158 AD2d 941; *People v Mohammed,* 151 AD2d 1018, 1019; *People v Matta,* 144 AD2d 1014, 1015). (Appeal from judgment of Erie County Court, Drury, J.—burglary, second degree.) Present—Denman, J. P., Green, Pine, Balio and Lawton, JJ.