FOURTH DEPARTMENT, SEPTEMBER, 1995

(September 29, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD SMITH, Appellant. [634 NYS2d 456] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the prosecutor shifted the burden of proof during his summation. The prosecutor's comments were a proper response to defense counsel's summation (see, People v Maisonet, 172 AD2d 274, lv denied 78 NY2d 969; People v Peralta, 172 AD2d 155, lv denied 78 NY2d 925). Any impropriety in the prosecutor's cross-examination of defendant was not so egregious that it deprived defendant of a fair trial (see, People v Toumbis, 204 AD2d 1026; People v Dawkins, 203 AD2d 957, 958, lv denied 84 NY2d 824).

The trial court properly declined to grant a mistrial based upon a communication between two jurors and the employer of one of those jurors. Given the nature of the information discussed, there is no likelihood that defendant was prejudiced (cf., People v Brown, 48 NY2d 388, 394; People v Magnano, 175 AD2d 639, lv denied 79 NY2d 860).

The testimony of the victim's mother regarding the victim's prompt complaint did not constitute bolstering (see, People v McDaniel, 81 NY2d 10, 16-17; People v Guerra, 174 AD2d 502, lv denied 78 NY2d 1076). The other alleged instances of bolstering are not preserved for our review (see, CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). We also decline to review the contention, raised for the first time on appeal, that the trial court exhibited partiality in its rulings and comments to defense counsel (see, People v Charleston, 56 NY2d 886, 887). The sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Sexual Abuse, 1st Degree.) Present—Green, J. P., Lawton, Wesley, Davis and Boehm, JJ. (Filed Aug. 29, 1995.)