OPINION OF THE COURT
 

 Memorandum.
 

 In
 
 People v
 
 Janvier, the order of the Appellate Division should be reversed, and a new trial ordered. In
 
 People v Williams,
 
 the order of the Appellate Division should be affirmed.
 

 Both of these cases raise issues concerning a defendant’s waiver of
 
 Antommarchi
 
 rights
 
 (see, People v Antommarchi,
 
 80 NY2d 247,
 
 rearg denied
 
 81 NY2d 759). In
 
 People v Janvier,
 
 the question presented is whether the trial court erred by refusing to allow defendant to waive his right to be present in the robing room during the voir dire of prospective jurors. At the start of jury selection, defense counsel informed the Trial Judge that his client wished to waive his right to be present. Defense counsel explained that he did not want prospective jurors to know that his client was incarcerated, which they might well infer by witnessing defendant attend robing room conferences accompanied by court security personnel. Without explanation, the Trial Judge summarily refused to permit defendant’s waiver and defendant thus was compelled to attend the ensuing robing room voir dire conferences. He was subsequently convicted of the crimes charged.
 

 In the second case,
 
 People v Williams,
 
 the issue presented is whether, after defendant had voluntarily waived the right to be present, the trial court erred by refusing to allow defendant to rescind his waiver. At the beginning of voir dire, after being advised by counsel and questioned at some length by the Trial Judge, defendant chose to waive his
 
 Antommarchi
 
 right to be present at robing room and sidebar voir dire conferences, and allocuted accordingly. Shortly after the beginning of jury selection and the first robing room conference, defense counsel without elaboration informed the Trial Judge that his client had changed his mind about the waiver and wished to accompany defense counsel to subsequent robing room conferences. The Trial Judge denied defendant’s request, robing room conferences continued without him, and defendant was subsequently found guilty of the crimes charged.
 

 Trial courts have broad discretion to control and manage their courtrooms and court proceedings, particularly voir dire examination of prospective jurors
 
 (see, People v Vargas,
 
 88 NY2d 363, 377). Under the facts of
 
 People v Williams,
 
 it cannot be said that the trial court, in refusing to rescind defendant’s
 
 *996
 
 waiver, as a matter of law abused its discretionary powers
 
 (see, People v Vargas, supra,
 
 88 NY2d, at 377;
 
 see also, People v Spotford,
 
 85 NY2d 593, 598).
 

 In
 
 People v Janvier,
 
 however, the trial court’s summary refusal to accept defendant’s waiver did constitute an abuse of discretion. The right to be present during sidebar questioning of prospective jurors on matters of bias or prejudice may be waived by a voluntary, knowing, and intelligent choice
 
 (see, People v Vargas, supra,
 
 88 NY2d, at 375-376). A defendant may wish to be absent from sidebar questioning for strategic reasons. Defendant, for example, may believe that in his presence jurors will be less likely to be truthful about biases
 
 (see,id.,
 
 at 377). There may also be a concern, as there was here, that jurors who witness defendant being accompanied to sidebar conferences by courtroom security personnel will infer that he is incarcerated. The trial court thus abused its discretion by compelling defendant to alter his trial strategy, by summarily refusing to permit him to exercise his right to waive his presence at sidebar and robing room conferences.
 

 We need not reach defendant Williams’
 
 Batson
 
 argument, as it is unpreserved for our review.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 In
 
 People v Williams:
 
 Order affirmed in a memorandum.
 

 In
 
 People v Janvier:
 
 Order reversed and a new trial ordered in a memorandum.