■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE CLARK, Appellant. [739 NYS2d 313] —Appeal from a judgment of Monroe County Court (Marks, J.), entered November 19, 1999, convicting defendant following a nonjury trial of, inter alia, aggravated sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a bench trial of aggravated sexual abuse in the first degree (Penal Law § 130.70 [1] [a]) and assault in the second degree (Penal Law § 120.05 [2]). County Court did not abuse its discretion in denying defendant's motion to reopen the proof after the case had been submitted to the court for deliberation. Such a motion should be granted only where there is "a clear showing that essential evidence bearing directly on the defendant's guilt has come to light, which despite all due diligence was not available at the time of trial" (*People v Olsen,* 34 NY2d 349, 355). Here, defendant failed to establish that he had exercised the requisite due diligence to obtain the testimony of the victim's surgeon, whose identity was known to defendant prior to trial. In any event, the testimony as described by defense counsel did not bear directly on the issue of defendant's guilt or innocence (*see, People v Peterson,* 186 AD2d 231, 233, *affd* 81 NY2d 824; *see also, People v Eldridge,* 224 AD2d 983, 984).

The verdict is not against the weight of the evidence. It cannot be said that the testimony of the victim was incredible as a matter of law (*see, People v Drake,* 247 AD2d 855, 856, *lv denied* 92 NY2d 851) or that the trier of fact, whose credibility

determinations are accorded great deference (*see, People v Van Akin,* 197 AD2d 845), failed to give the evidence the weight it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495). The sentence is neither unduly harsh nor severe. "The fact that the sentence imposed after trial was more severe than that offered to defendant if he pleaded guilty is not a basis for disturbing the sentence" (*People v Everett,* 278 AD2d 885, 886, *lv denied* 96 NY2d 799). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Lawton, JJ.