■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HOGAN, Appellant. [739 NYS2d 311] —Appeal from a judgment of Monroe County Court (Berry, J.), entered March 21, 1997, convicting defendant after a jury trial of, inter alia, rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the first degree (Penal Law § 130.35 [1]), rape in the second degree (Penal Law former § 130.30), four counts of sodomy in the first degree (Penal Law § 130.50 [1]), four counts of sodomy in the second degree (Penal Law former § 130.45), and two counts of sexual abuse in the first degree (Penal Law § 130.65 [1]). County Court properly exercised its discretion in denying defendant's motion for a mistrial based on the victim's reference to a prior uncharged crime committed by defendant (*see, People v Thompson,* 249 AD2d 939, *lv denied* 92 NY2d 931; *see generally, People v Ortiz,* 54 NY2d 288, 292). The curative instructions issued by the court were sufficient to alleviate any prejudice to defendant (*see, People v Bentley,* 284 AD2d 546, *lv denied* 96 NY2d 916; *People v Salmon,* 281 AD2d 437, *lv denied* 96 NY2d 907; *see also, People v Taylor,* 268 AD2d 281, *lv denied* 94 NY2d 953). By failing to request an alibi charge or to object to the charge as given, defendant failed to preserve for our review his contention that the court should have charged the jury concerning his alibi defense (*see,* CPL 470.05 [2]; *People v Cheeley,* 147 AD2d 917), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Defense counsel's failure to request an alibi charge does not constitute ineffective assistance of counsel (*see, People v Frye,* 210 AD2d 503, *lv denied* 85 NY2d 862; *People v Hayes,* 191 AD2d 368, 369, *lv denied* 82 NY2d 719).

The court's *Sandoval* ruling allowing the prosecutor to question defendant concerning a prior arson conviction did not constitute an abuse of discretion. That conviction "manifested a willingness on the part of defendant to place [his] interests above those of society and [was] probative with respect to [his] credibility" (*People v McGlocton,* 267 AD2d 614, 615, *lv denied* 94 NY2d 905). Defendant further contends that the evidence is legally insufficient to support the conviction. That contention is preserved for our review with respect to only two of the counts. In any event, we conclude that the evidence is legally sufficient to support the conviction (*see, People v Bleakley,* 69 NY2d 490, 495). In addition, the verdict is not against the weight of the

evidence (*see, People v Bleakley, supra* at 495). The credibility of the victim and the weight to be accorded her testimony were matters for the jury (*see, People v Gruttola,* 43 NY2d 116, 122; *People v Bain,* 262 AD2d 1023, *lv denied* 93 NY2d 1043). Contrary to defendant's contention, the testimony of the victim was not incredible as a matter of law (*see, People v Reid,* 281 AD2d 986, *lv denied* 96 NY2d 923; *People v Bell,* 234 AD2d 915, 915-916, *lv denied* 89 NY2d 1009).

Defendant contends that the court erred in failing to include the victim's testimony on cross-examination when the jury requested a read-back with respect to a portion of the victim's testimony. Defendant failed to preserve that contention for our review (*see,* CPL 470.05 [2]; *People v Farrell,* 209 AD2d 1020), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6]). Contrary to the contention of defendant, his waiver of the right to be present at sidebar discussions during voir dire was voluntary and intelligent (*see, People v Howard,* 206 AD2d 844, *lv denied* 84 NY2d 868; *see generally, People v Williams,* 92 NY2d 993, 996). Defendant's contention that he was denied his right to a speedy trial is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6]). The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Hayes, Hurlbutt, Kehoe and Burns, JJ.