THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON JOHNSON, Appellant. [747 NYS2d 464]

Defendant was not deprived of a fair trial by a detective's brief and general explanation of the procedures he employs when conducting a robbery investigation, including possibly

having witnesses view photographs, or by his subsequent mention of the fact that he was familiar with defendant's appearance. This innocuous testimony did not imply that there had been a photo identification in this case or that defendant had a criminal history (*cf. People v Flores*, 210 AD2d 1, 2, *lv denied* 84 NY2d 1031). In any event, were we to find any error in the receipt of this evidence, we would find it to be harmless in light of the overwhelming evidence of defendant's guilt.

The court properly admitted testimony from a detective who stated that when he spoke with defendant on the telephone and simply asked to meet with him, defendant manifested an intent to be evasive, used vulgar language, and challenged the police to apprehend him. The statement—especially when viewed together with the fact that defendant gave a false name when arrested—could reasonably be interpreted as a reflection of defendant's consciousness of guilt (*see People v Yazum*, 13 NY2d 302).

The court properly replaced a sworn juror after learning that the juror had called the clerk on two separate occasions, one indicating that he was at a doctor's office while the call was being made, and stated that he would be absent due to illness and was not likely to return within the two-hour statutory period permitting replacement of a juror in the court's discretion (*see People v Jeanty*, 94 NY2d 507). The court properly relied, in part, on its personal observation that the juror had appeared to be ill during the previous court session.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Saxe, Buckley, Ellerin and Marlow, JJ.