■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT A. SARACINA, Appellant. [748 NYS2d 109] —Appeal from a judgment of Chautauqua County Court (Cass, J.), entered June 11, 2001, convicting defendant after a jury trial of, inter alia, unlawful imprisonment in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of unlawful imprisonment in the first degree (Penal Law § 135.10) and assault in the second degree (§ 120.05 [1]). Defendant's former girlfriend testified at trial that defendant took her to Ohio in a vehicle and that, while she was seated in the passenger seat, defendant stabbed her with a sharp instrument and punched her. The victim also testified that defendant forced her into the trunk, where she remained for a portion of the trip. She sustained a broken jaw that required surgery and the removal of some of her teeth, and she sustained permanent nerve damage in her face. Another prosecution witness testified that he had observed a man removing a person from the trunk of a vehicle in Pennsylvania. The license plate noted by that witness matched a license plate to which defendant had access at the junkyard where he was employed.

By failing to specify the basis for his motion to dismiss the indictment, defendant failed to preserve for our review his present contention that the evidence is legally insufficient to support the conviction (*see People v Gray,* 86 NY2d 10, 19). In

any event, that contention lacks merit (*see generally People v Bleakley,* 69 NY2d 490, 495). We also reject defendant's contention that the verdict is against the weight of the evidence (*see generally id.*).

Although we agree with defendant that the prosecutor engaged in misconduct by, inter alia, eliciting testimony of uncharged crimes from the victim and attempting to introduce evidence previously ruled inadmissible, County Court properly issued appropriate curative instructions and admonished the prosecutor outside the presence of the jury (*see People v Mott,* 94 AD2d 415, 419). We conclude that the misconduct did not cause "such substantial prejudice to the defendant that he [was] denied due process of law" (*id.*). We further conclude that the court did not abuse its discretion in denying defendant's motion for a mistrial based on the victim's testimony concerning uncharged crimes. The court's curative instructions "were sufficient to alleviate any prejudice to defendant" (*People v Hogan,* 292 AD2d 834, 834, *lv denied* 98 NY2d 676).

Finally, we conclude that the court did not abuse its discretion in sentencing defendant as a persistent felony offender (*see* Penal Law § 70.10 [1] [a]). After conducting an extensive hearing, the court properly set forth its findings supporting its determination that persistent felony offender status was warranted (*see* CPL 400.20 [1]; *People v Oliver,* 96 AD2d 1104, 1105-1106, *affd* 63 NY2d 973; *cf. People v Garcia,* 267 AD2d 247, *lv denied* 94 NY2d 919). Present—Green, J.P., Wisner, Scudder, Burns and Lawton, JJ.