THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD A. YELLE, Appellant. [756 NYS2d 692] —Appeal from a judgment of Oswego County Court (Hafner, Jr., J.), entered January 8, 2001, convicting defendant after a jury trial of, inter alia, sexual abuse in the first degree (four counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of four counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) and four counts of endangering the welfare of a child (§ 260.10 [1]), defendant contends that County Court's *Sandoval* ruling constituted an abuse of discretion. We disagree. The court "properly balanced the probative value of [the] evidence against its potential for prejudice" (*People v Witzigman,* 295 AD2d 990, 990 [2002], *lv denied* 98 NY2d 714 [2002]; *see People v Walker,* 83 NY2d 455, 458-459 [1994]). The fact that the prior convictions of defendant arose from his violations of court orders is "relevant to the issue of credibility since it demonstrated the defendant's willingness to place his interests above those of society" (*People v Kostaras,* 255 AD2d 602, 602 [1998]; *see also People v Mienko,* 282 AD2d 283 [2001], *lv denied* 96 NY2d 904 [2001]).

Defendant failed to preserve for our review his further contention that the testimony of a police investigator improperly bolstered the testimony of the two child victims (*see People v Houk*, 225 AD2d 1085 [1996], *lv denied* 90 NY2d 940 [1997]; *People v Smith*, 219 AD2d 794 [1995], *lv denied* 86 NY2d 875 [1995]). In any event, we conclude that defense counsel opened the door to that allegedly improper testimony (*see People v Melendez*, 55 NY2d 445, 451-452 [1982]; *see also People v Lamphier*, 302 AD2d 864 [2003]).

Defendant was not denied a fair trial by prosecutorial misconduct or cumulative errors. Contrary to defendant's contentions, the prosecutor adhered to the court's *Ventimiglia* ruling (*see People v Alvarez*, 98 AD2d 777 [1983]; *cf. People v Saracina*, 298 AD2d 953,954 [2002], *lv denied* 99 NY2d 564 [2002]), and the delayed disclosure of *Brady* material did not prejudice the defense inasmuch as defendant was " 'given a meaningful opportunity to use the * * * exculpatory material to cross-examine the People's witnesses or as evidence during his case' " (*People v Bonilla*, 298 AD2d 871, 871 [2002], *lv denied* 99 NY2d 555 [2002], quoting *People v Cortijo*, 70 NY2d 868, 870 [1987]; *see People v Bennett*, 273 AD2d 914 [2000], *lv denied* 95 NY2d 932 [2000]). Contrary to the further contention of defendant, he was not denied effective assistance of counsel. Although defense counsel's cross-examination of the People's witnesses elicited damaging testimony, there was a discernible strategy in the questions posed by defense counsel. "[A] reviewing court must avoid confusing 'true ineffectiveness [of counsel] with mere losing tactics and according undue significance to retrospective analysis' " (*People v Benevento*, 91 NY2d 708, 712 [1998]; *see People v Standard*, 273 AD2d 870, 870 [2000], *lv denied* 95 NY2d 908 [2000]). We conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

The verdict, based on credibility determinations of the jury, is not against the weight of the evidence. The testimony of the child victims was not "incredible as a matter of law" (*People v Hogan*, 292 AD2d 834, 835 [2002], *lv denied* 98 NY2d 676 [2002]; *see People v Clark*, 292 AD2d 816 [2002], *lv denied* 98 NY2d 650 [2002]), and it cannot be said that the jury failed to give their testimony the weight it should be accorded (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The sentence is neither unduly harsh nor severe. Present—Pine, J.P., Scudder, Kehoe, Lawton and Hayes, JJ.