■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN A. ROBINSON, Appellant. [764 NYS2d 757] —Appeal from a judgment of Ontario County Court (Harvey, J.), entered May 17, 2002, convicting defendant after a jury trial of, inter alia, driving while intoxicated as a felony.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: County Court properly denied defendant's suppression motion. At 2:50 A.M., a deputy sheriff observed a motor vehicle pull onto a road that accesses only three businesses. Upon observing that the vehicle had been stopped on the road and that its headlights had been turned off, the deputy sheriff approached the vehicle to investigate. Contrary

to defendant's contention, the actions of the deputy sheriff were not the equivalent of "a 'stop' that had to be supported by reasonable suspicion. The mere approach by police to an occupied parked vehicle * * * in order to inquire is a minimal intrusion * * *, which is not the equivalent of a 'stop'" (*People v Evans*, 175 AD2d 456, 457 [1991], *lv denied* 79 NY2d 856 [1992]). Here, given the early morning hour and the fact that the businesses were closed, the deputy sheriff "had adequate reason to approach the vehicle to investigate" (*People v Davis*, 182 AD2d 770, 771 [1992], *lv denied* 80 NY2d 830 [1992]), "irrespective of whether [he] had any indication of criminal activity" (*Evans*, 175 AD2d at 457; *see also People v Woods*, 303 AD2d 1031 [2003]; *People v Heston*, 152 AD2d 999, 999-1000 [1989], *lv denied* 76 NY2d 858, 940 [1990]).

Defendant further contends that the court erred in denying his motion for a mistrial based upon the testimony of a state trooper that was outside the scope of the CPL 710.30 notice and concerned an uncharged crime. We reject that contention. "[T]he decision to grant or deny a motion for a mistrial is within the trial court's discretion" (*People v Ortiz*, 54 NY2d 288, 292 [1981]). Here, "[t]he curative instructions issued by the court were sufficient to alleviate any prejudice to defendant," and the court properly exercised its discretion in denying the motion (*People v Hogan*, 292 AD2d 834, 834 [2002], *lv denied* 98 NY2d 676 [2002]; *see People v Saracina*, 298 AD2d 953, 954 [2002], *lv denied* 99 NY2d 564 [2002]; *People v Bentley*, 284 AD2d 546 [2001], *lv denied* 96 NY2d 916 [2001]; *People v McGriff*, 149 AD2d 952 [1989], *lv denied* 74 NY2d 814 [1989]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.