THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN BROWN, Appellant. [770 NYS2d 243]—

Appeal from a judgment of Ontario County Court (Reed, J.), entered September 20, 2002, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the seventh degree (§ 220.03). County Court properly denied defendant's request for a *Darden* hearing (*see People v Darden*, 34 NY2d 177 [1974], *rearg denied* 34 NY2d 995 [1974]) because defendant did not challenge the existence of the confidential informant (*see People v Serrano*, 93 NY2d 73, 77 [1999]; *People v Reynoso*, 295 AD2d 156, 157 [2002], *lv denied* 98 NY2d 701 [2002]; *People v Mingo*, 117 AD2d 353, 356 [1986], *lv denied* 68 NY2d 772 [1986]).

Contrary to defendant's further contention, the conviction is supported by legally sufficient evidence, i.e., the eyewitness testimony of the police officer and confidential informant, along with the forensic testimony establishing the existence of cocaine (*see People v McGlocton*, 267 AD2d 614, 614-615 [1999], *lv denied* 94 NY2d 905 [2000]). In addition, defendant contends that the discrepancy in the testimony concerning the weight of the cocaine requires dismissal of the indictment. We reject that contention. Any such discrepancy goes to the weight of the evidence, not its admissibility, especially where, as here, the People's witnesses offered an explanation for the discrepancy (*see People v Lanza*, 299 AD2d 649, 650-651 [2002], *lv denied* 100 NY2d 540, 563 [2003]; *People v Martinez*, 151 AD2d 965 [1989], *lv denied* 74 NY2d 814 [1989]).

We reject defendant's contention that the confidential informant was an accomplice as a matter of law. An informant acting as an agent of the police without the intent to commit a crime is not an accomplice whose testimony requires corroboration (*see People v Tillman*, 289 AD2d 1006, 1007 [2001], *lv denied* 97 NY2d 734 [2002]; *People v Cleveland*, 273 AD2d 787, 788 [2000], *lv denied* 95 NY2d 864 [2000]). Contrary to defendant's further contentions, the court's prompt curative instruction cured any *Molineux* error with respect to testimony concerning prior uncharged crimes (*see People v Robinson*, 309

AD2d 1228 [2003]; *People v Saracina*, 298 AD2d 953, 954 [2002], *lv denied* 99 NY2d 564 [2002]; *People v Panepinto*, 161 AD2d 1192 [1990], *lv denied* 76 NY2d 862 [1990]), and the court's *Sandoval* ruling does not constitute an abuse of discretion (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Beckwith*, 309 AD2d 1253 [2003]). We see no reason to reduce the sentence in the interest of justice. Finally, we have examined defendant's remaining contentions and conclude that they are lacking in merit. Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Kehoe, JJ.