THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMARIO BOLER, Appellant. [771 NYS2d 617]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered June 27, 2001. The judgment convicted defendant, upon a jury verdict, of intimidating a victim or witness in the second degree and, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of, inter alia, intimidating a victim or witness in the second degree (Penal Law § 215.16 [1]), defendant contends that Supreme Court erred in denying his motion for a mistrial based upon comments made by a prospective juror. We note that defendant declined the court's offer to give a curative instruction to the remaining prospective jurors (*cf. People v Robinson*, 309 AD2d 1228, 1229 [2003]), and we conclude that the court did not abuse its discretion in denying defendant's motion (*see generally People v Ortiz*, 54 NY2d 288, 292 [1981]; *Robinson*, 309 AD2d at 1229).

Contrary to defendant's further contention, we conclude that the evidence, when viewed in the light most favorable to the People, is legally sufficient to support the conviction (*see generally People v Thompson*, 72 NY2d 410, 413 [1988], *rearg denied* 73 NY2d 870 [1989]). The victim testified that the codefendant grabbed him, pushed him up against a car, and asked him why

he was talking to people in the District Attorney's office about an incident that occurred a few months earlier, in which the victim had been shot. Defendant, who was standing to the right of the victim, stated that he should kill the victim right then, and the victim was immediately struck on the right side of his face with a bottle. We conclude that the jury could reasonably infer from that testimony that defendant or the codefendant struck the victim, and thus defendant's conviction of acting in concert in intimidating a victim or witness is supported by legally sufficient evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). In addition, the evidence is legally sufficient to establish that the victim sustained a physical injury (*see People v Goico,* 306 AD2d 828, 828-829 [2003]; *People v LaDuca,* 292 AD2d 851, 851-852 [2002], *lv denied* 98 NY2d 652 [2002]). The victim sustained facial lacerations, and several pieces of glass were removed from his right eye. At the time of trial, the victim was continuing to experience blurred vision in that eye. Finally, the verdict is not against the weight of the evidence (*see Bleakley,* 69 NY2d at 495), and the sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.