■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDRICK O. VALENTINE, Appellant. [852 NYS2d 525]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered June 15, 2005. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]). Defendant failed to preserve for our review his contention that County Court erred in allowing the People to present the testimony of their expert on the subject of child sexual abuse (*see People v Kairis*, 4 AD3d 806, 807 [2004], *lv denied* 2 NY3d 763 [2004]; *People v Law*, 273 AD2d 897, 898 [2000], *lv denied* 95 NY2d 965 [2000]) and, in any event, that contention is without merit (*see People v McHerrin*, 19 AD3d 1166 [2005], *lv denied* 5 NY3d 808 [2005]; *see generally People v Taylor*, 75 NY2d 277, 292-293 [1990]). Defendant also failed to preserve

for our review his contention that the testimony of the People's additional expert with respect to the percentage of child sexual abuse allegations that are unfounded improperly bolstered the victim's credibility inasmuch as defendant objected to that testimony only on the ground that it was irrelevant (*see generally People v Smith*, 219 AD2d 794 [1995], *lv denied* 86 NY2d 875 [1995]). In any event, we conclude that defendant opened the door to that allegedly improper testimony, and thus that contention lacks merit (*see generally People v Melendez*, 55 NY2d 445, 451-452 [1982]). Furthermore, the court was not required to declare or certify on the record that the witness was an expert before permitting him to testify (*see People v Wagner*, 27 AD3d 671, 672 [2006], *lv denied* 6 NY3d 854 [2006]; *People v Eldridge*, 221 AD2d 966, 967 [1995], *lv denied* 87 NY2d 1019 [1996]).

Defendant failed to preserve for our review his further contentions that the court erred in permitting one of the People's experts to testify with respect to scientific studies not admitted in evidence and in permitting the victim to testify concerning her prior consistent statements (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant failed to renew his motion for a trial order of dismissal after presenting evidence and thus failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). Further, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject the contention of defendant that the court violated his constitutional right of confrontation by refusing to admit in evidence a tape recording of threats made against him by his ex-wife. "[T]he extent to which an examination may be pursued for the purpose of proving the hostility of a witness is within the discretion of the court" (*People v Sutherland*, 280 AD2d 622, 623 [2001], *lv denied* 96 NY2d 835 [2001]; *see also People v Jones*, 37 AD3d 1111 [2007], *lv denied* 8 NY3d 986 [2007]). "If bias or interest has been fully explored through other means . . . , or the precluded area involved cumulative matter already presented . . . , there generally has been no infringement of the right of confrontation" (*People v Chin*, 67 NY2d 22, 29 [1986]; *see People v Corby*, 6 NY3d 231, 235-236 [2005]) and, here, the court afforded defendant a sufficient opportunity to establish the hostility of the witness. Contrary to the further contention of defendant, the court properly permitted his ex-wife to testify concerning their marital discord to explain or clarify issues

brought out on cross-examination (*see generally People v Mateo*, 2 NY3d 383, 425 [2004], *cert denied* 542 US 946 [2004]).

Contrary to defendant's further contention, the court properly permitted the People's medical expert to testify that the physical findings resulting from the victim's medical examination were consistent with sexual abuse inasmuch as "the conclusions to be drawn from [those findings] 'depend upon professional or scientific knowledge or skill not within the range of ordinary training or intelligence' " (*People v Cronin*, 60 NY2d 430, 432 [1983], quoting *Dougherty v Milliken*, 163 NY 527, 533 [1900]). We reject the contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The sentence is not unduly harsh or severe.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.