THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOORGA OUTAR, Appellant. [894 NYS2d 883]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.) rendered December 11, 2007, convicting him of burglary in the first degree, burglary in the second degree, aggravated criminal contempt, unlawful imprisonment in the first degree, criminal contempt in the first degree, assault in the third degree, criminal mischief in the fourth degree, criminal contempt in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion by denying his request to

rescind his waiver of his right to be present at sidebar conferences during jury voir dire (*see People v Williams*, 92 NY2d 993, 995-996 [1998]).

The defendant's contention that he was deprived of effective assistance of counsel is without merit (*see Strickland v Washington*, 466 US 668 [1984]; *People v Henry*, 95 NY2d 563, 565, 566 [2000]; *People v Finn*, 63 AD3d 755, 756 [2009]).

The defendant's contention that his convictions of burglary in the first degree, aggravated criminal contempt, and assault in the third degree were not supported by legally sufficient evidence is unpreserved for appellate review, as defense counsel merely made a general motion for a trial order of dismissal without providing a basis for his motion (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt with respect to those charges.

Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Romero*, 7 NY3d 633, 644-645 [2006]).

The defendant's remaining contentions are without merit. Fisher, J.P., Florio, Belen and Hall, JJ., concur.