Abe v New York Univ. (2020 NY Slip Op 00830)





Abe v New York Univ.


2020 NY Slip Op 00830


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ.


105985/10 -10950B 10950A 10950

[*1] Koya Abe, Plaintiff-Appellant,
v
New York University, et al., Defendants-Respondents.


Jennifer L. Unruh, Astoria, for appellant.
DLA Piper LLP (US), New York (Evan D. Parness of counsel), for respondents.



Judgment, Supreme Court, New York County (W. Franc Perry, J.), entered March 6, 2019, upon a jury verdict, in favor of defendants, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered on or about February 4, 2019, and February 13, 2019, which, inter alia, denied plaintiff's oral application for judgment notwithstanding the verdict, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The jury verdict was not against the weight of the evidence (see McDermott v Coffee Beanery, Ltd., 9 AD3d 195, 206 [1st Dept 2004]). The trial record contains abundant evidence tending to show that defendants decided to eliminate plaintiff's two part-time positions (darkroom manager and adjunct photography instructor) as part of far-reaching institution-wide budget cuts resorted to in the wake of the post-2008 global financial crisis. Plaintiff was one of seven adjuncts in his department whose positions were cut and one of two adjuncts holding administrative positions that were cut. Moreover, every one of the seven individual defendants testified that the elimination of plaintiff's positions was not retaliatory and had nothing to do with the 2007 settlement that underpinned his retaliation claim. While there is evidence that could conceivably have supported a verdict for plaintiff, including an internal April 2009 email chain in which New York University employees discussed whether terminating plaintiff would be perceived as "retribution" for the 2007 settlement, a fair interpretation of the evidence supports the verdict that the jury rendered (see McDermott, 9 AD3d at 206). Plaintiff's contentions about alleged inaccuracies and contradictions in the testimony of the defense witnesses are unavailing, as the jury weighed the evidence and was entitled to make the credibility and fact-finding determinations it made.
Plaintiff's contention that defendants' trial counsel engaged in a pattern of rhetoric and misstatements that confused the jury is unpreserved, and we decline to review it in the interest of justice (see Boyd v Manhattan & Bronx Surface Tr. Operating Auth., 79 AD3d 412, 413 [1st Dept 2010]). Were we to review it, we would find it unavailing.
Plaintiff's arguments about the court's instructions as to his retaliation claim, including that the court's opening remarks unduly restricted the scope of the claim, are unpreserved, and we decline to consider them in the interest of justice. Were we to review them, we would find that, viewed as a whole, the court's instructions properly charged the jury on the scope and elements of plaintiff's retaliation claims (see Cadet-Legros v New York Univ. Hosp. Ctr., 135 AD3d 196, 206 [1st Dept 2015]; Administrative Code of City of NY § 8-107[7]).
Plaintiff argues that the trial court erred in limiting references to the 2005 Equal Employment Opportunity Commission (EEOC) complaint underlying the 2007 settlement, an EEOC complaint he may have filed in the summer of 2009, and the discrimination and hostile work environment claims whose dismissal on summary judgment we recently affirmed (Abe v New York Univ., 169 AD3d 445 [1st Dept 2019]). However, plaintiff's trial counsel joined in the [*2]request for that in limine ruling (compare Benavides v City of New York, 115 AD3d 518, 519 [1st Dept 2014] [in motion in limine plaintiff only objected to four specific entries in medical records; "admissibility of entries to which no timely specific objections were made is not preserved for this appeal"]; Balsz v A & T Bus Co., 252 AD2d 458, 458 [1st Dept 1998] [argument that trial court erred in admitting hearsay medical reports "was not preserved by objection on that specific ground"]). Were we to consider the argument, we would find that the trial court providently exercised its discretion in precluding details of the 2007 settlement, because they would have lacked probative value and would have tended to prejudice defendants. Evidence of an EEOC complaint that plaintiff asserts he filed in the summer of 2009 also would have lacked probative value with respect to his claim for retaliation, as by May 2009 defendants had already committed to the actions that ended in plaintiff's termination (see Sims v Trustees of Columbia Univ. in City of N.Y., 168 AD3d 622 [1st Dept 2019]).
The trial court providently exercised its discretion in denying plaintiff's motion in limine to introduce evidence of NYU's finances. The documents identified by plaintiff would have had little if any probative value as to the core issue of NYU's motivation to engage in the budget cuts that led to plaintiff's termination, and would have needlessly distracted from the core issue of defendants' motives in its employment actions vis-a-vis plaintiff.
We decline to consider plaintiff's unpreserved argument about the trial court's interruption of his counsel's closing argument to excuse the jury during one juror's sudden indisposition, from which she recovered after a recess of a few minutes. Were to consider the argument, we would find that the trial court providently exercised its "broad discretion to control and manage ... court proceedings" (People v Williams, 92 NY2d 993, 995 [1998]), which of course may include delays occasioned by a juror's illness or other unavailability (see e.g. People v Johnson, 297 AD2d 586, 587 [1st Dept 2002], lv denied 99 NY2d 629 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK