People v McMorris (2021 NY Slip Op 04111)





People v McMorris


2021 NY Slip Op 04111


Decided on June 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 29, 2021

Before: Manzanet-Daniels, J.P., Kern, Mazzarelli, Shulman, JJ. 


Ind No. 3783/08, 2438/09,1821/12 Appeal No. 14141 Case No. 2016-2307 

[*1]The People of the State of New York, Respondent,
v
Kalieh McMorris also known as Kaueh McMorris also known as two-five, Defendant-Appellant.


Law Office of Richard M. Weinstein, New York (Richard M. Weinstein of counsel), for appellant.
Kalieh McMorris, appellant pro se.
Darcel D. Clark, District Attorney, Bronx (Rafael A. Curbelo of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Joseph J. Dawson, J. at suppression hearing; Barbara F. Newman, J. at jury trial and sentencing), rendered March 15, 2013, convicting defendant of murder in the second degree and conspiracy in the fourth degree, and sentencing him to consecutive terms of 25 years to life and 1&frac13; to 4 years, unanimously affirmed.
The court properly denied defendant's suppression motion. There is no reason to disturb the hearing court's finding that defendant did not reside in or otherwise have a reasonable expectation of privacy in a room in his girlfriend's mother's house, where a pistol and other evidence were recovered (see People v Ramirez—Portoreal, 88 NY2d 99, 109 [1996]; People v Rodriguez, 69 NY2d 159, 163 [1987]). Defendant's factual claim to the contrary appears to inappropriately rest on trial, rather than hearing, testimony (see People v Abrew, 95 NY2d 806, 808 [2000]). Similarly, the hearing record supports the court's alternative finding that, regardless of defendant's standing, the police justifiably relied on the authority of the girlfriend's mother to voluntarily consent to the search.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant's guilt was established by a chain of persuasive circumstantial evidence from many sources.
By objecting only on other grounds not at issue on appeal, defendant failed to preserve his current argument that his right to counsel was violated by the admission of a statement he made during an administrative interview at Rikers Island while his case was pending, and we decline to review it in the interest of justice. As an alternative holding, we find that any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's challenges to the prosecutor's opening statement and summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
Defendant was not entitled to a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir 1923]) regarding testimony about the small percentage of handguns tested by the police over a certain period that yielded latent prints. There was nothing novel about the methodology used in computing those results (see People v Middleton, 54 NY2d 42, 49—50 [1981]).
The court providently exercised its broad discretion over trial management matters (see generally People v Williams, 92 NY2d 993, 995 [1998]) when, to avoid a problem of juror unavailability, it delayed charging the jury until after the holiday recess.
Defendant's pro se ineffective assistance claim is unreviewable on direct appeal because it involves matters outside the record. We have considered and rejected defendant's other pro se claims.THIS CONSTITUTES [*2]THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2021