People v Alba (2024 NY Slip Op 00683)

People v Alba

2024 NY Slip Op 00683

Decided on February 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 08, 2024

Before: Oing, J.P., González, Shulman, Pitt-Burke, Higgitt, JJ. 

Ind. No. 384/19 Appeal No. 1621 Case No. 2020-00408 

[*1]The People of the State of New York, Respondent,
v
Darling Alba, Defendant-Appellant.

Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alice Wiseman of counsel), for respondent.

Judgment, Supreme Court, New York County (Curtis J. Farber, J.), rendered November 14, 2019, convicting defendant, after a jury trial, of attempted burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.
Defendant did not preserve his claim that the court erroneously denied his request to rescind his waiver of his right to be present at sidebar discussions (see People v Antommarchi, 80 NY2d 247 [1992]), and we decline to review it in the interest of justice. Defense counsel's statements that defendant "should hear," and that counsel would "prefer they say it out loud," when the prospective jurors, in response to the court's instructions, formed a line so that the court could speak with them individually did not adequately "alert the court" that defendant wished to rescind the waiver (People v Balls, 69 NY2d 641, 642 [1986]; see also CPL 470.05[2]; People v Luperon, 85 NY2d 71, 78 [1995]). As an alternative holding, we find that even if defendant had sufficiently brought the issue to the court's attention, the court's refusal to allow defendant to rescind his waiver would not have constituted an abuse of discretion on the instant record (see People v Williams, 92 NY2d 993, 995-996 [1998]).
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The jury could reasonably infer from the evidence that defendant attempted to break into the apartment with the intent to commit a crime therein rather than for a noncriminal purpose such as to escape the cold (see People v Lopez, 249 AD2d 10 [1st Dept 1998], lv denied 92 NY2d 855 [1998]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2024