People v Pugh (2025 NY Slip Op 01438)

People v Pugh

2025 NY Slip Op 01438

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

5 KA 22-00759

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEMETRISH PUGH, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M. STARE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Michael L. Dollinger, J.), rendered October 13, 2021. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of robbery in the second degree (Penal Law
§ 160.10 [1]) and sentencing him as a persistent violent felony offender.
Defendant contends that County Court erred in denying his motion for a mistrial because the People failed to turn over videos taken by investigators' body cameras until after several witnesses had already testified. We reject that contention. "It is well settled that the decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial" (People v Lewis, 247 AD2d 866, 866 [4th Dept 1998], lv denied 93 NY2d 1021 [1999] [internal quotation marks omitted]; see CPL 245.80; People v Ortiz, 54 NY2d 288, 292 [1981]). Here, the court imposed sanctions in the form of adverse inference instructions and the preclusion of testimony from two prosecution witnesses. The court further offered defendant additional remedies, including time to review the newly provided evidence and an opportunity to recall witnesses for further cross-examination (see generally People v Boler, 4 AD3d 768, 768 [4th Dept 2004], lv denied 2 NY3d 761 [2004]). We conclude that the court did not abuse its discretion in fashioning an appropriate sanction (see People v Bookman, 224 AD3d 1269, 1270 [4th Dept 2024]).
Defendant also contends that the conviction is not supported by legally sufficient evidence that he was "aided by another person actually present," an element of robbery in the second degree under Penal Law § 160.10 (1). We reject that contention. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish that element inasmuch as it demonstrated that defendant " 'committed the robbery in the full view of his companion, who acted as a lookout and was in a position to render immediate assistance to defendant' " (People v McIntosh, 158 AD3d 1289, 1290 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; see People v Wilkerson, 189 AD2d 592, 592 [1st Dept 1993], lv denied 81 NY2d 849 [1993]).
Defendant further contends that certain automatic discovery provisions of CPL 245.20 are applicable in persistent violent felony offender hearings (see CPL 245.20 [f], [j]). We reject that contention. There is "no evidence, in the plain language of the amendments or the legislative history, that the legislature intended to—or did—" expand CPL 245.20's disclosure provisions to persistent violent felony offender hearings (People v King, 42 NY3d 424, 428 [2024]).
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court