■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL MCGEE, Appellant. [648 NYS2d 316] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered February 28, 1994, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not err in denying suppression of the physical evidence seized at the time of his arrest. The information supplied to the police by an identified citizen regarding his personal observations of the defendant provided probable cause for the defendant's arrest (see, People v Hicks, 38 NY2d 90).

The defendant further contends that the jury verdict was against the weight of the evidence. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Nor is reversal warranted based on the People's failure to disclose alleged information that one of the People's witnesses had been arrested several times and was previously convicted of harassment, since there was no reasonable possibility that the failure to disclose this information contributed to the verdict (see, People v Vilardi, 76 NY2d 67, 77; People v Richards, 184 AD2d 222). Significantly, the testimony of that witness was corroborated by the fact that the defendant was found in possession of the complainants' property at the time of his arrest.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Joy, J. P., Altman, Friedmann and Krausman, JJ., concur.