■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GLADDEN, Appellant. [748 NYS2d 170] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 19, 2000, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was tried separately from his codefendant Lashawn Elijah on charges resulting from the shooting death of Roland McCarthy on July 20, 1998, at Blake Avenue and Atkins Avenue in Brooklyn. On May 26, 1999, Detective Thomas Maher apprehended and questioned the defendant about the death of McCarthy. The defendant denied being present until he was told by the detective that others had identified him as being one of the persons at the scene. He then made an oral statement admitting, inter alia, that he traveled to the scene to help Elijah recover a chain that had been stolen from him, that he was armed with a loaded .38 caliber weapon which he fired in the direction of the group of four men, including the

victim, and that Elijah was the only one of his group who did not fire a weapon. The defendant subsequently signed a statement written by Detective Maher, handwrote his own statement, and gave a videotaped statement containing these admissions. Additionally, the defendant indicated in the videotaped statement that his nickname was "Big."

At trial, on re-cross-examination of Detective Maher, the defense counsel elicited testimony that Maher's sole reason for informing the defendant that others had identified him at the crime scene was to see what the defendant's reaction would be. On redirect examination, the prosecutor was then permitted to introduce testimony that on September 16, 1998, Elijah made a statement about this incident to Detective Maher in which he stated, inter alia, that he observed "Big" and "Man" pull out guns and start shooting. The trial court instructed the jury that testimony regarding Elijah's statement was not offered for its truth but to explain the basis of Maher's actions.

The defendant contends that the admission of Elijah's statement violated his Sixth Amendment right to confrontation under the rule enunciated in *Bruton v United States* (391 US 123). We disagree.

The defense counsel opened the door to the admission of this limited testimony (*see Tennessee v Street,* 471 US 409; *People v Rodriguez,* 210 AD2d 266). Without it, the jury would be left with the misleading impression that the detective had no basis in fact to arrest and question the defendant. Thus, the trial court properly allowed the prosecutor to elicit enough information to explain the events leading up to the defendant's statements (*see People v Davis,* 290 AD2d 377).

Additionally, assuming that the trial court should not have permitted the prosecutor to elicit Elijah's statement, any error was harmless beyond a reasonable doubt. His statement established the same facts as the defendant's admissions but in less detail. Based upon the defendant's own oral, written, and videotaped admissions and other corroborating evidence, there is no reasonable possibility that the jury's assessment of the defendant's guilt was affected by his codefendant's statement (*see People v Hamlin,* 71 NY2d 750).

Contrary to the defendant's contention on appeal, the trial court properly denied his request for a missing witness charge (*see People v Kitching,* 78 NY2d 532; *People v Gonzalez,* 68 NY2d 424).

Further, the defendant contends that comments made by the prosecutor during summation were improper. The defendant failed to preserve this contention for appellate review inasmuch

as no objections to the prosecutor's comments were made during summation (*see* CPL 470.05 [2]; *People v Goodman,* 190 AD2d 862; *People v Ray,* 155 AD2d 625). In any event, the defendant's contention is without merit as the prosecutor's statements do not warrant reversal.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Prudenti, P.J., Smith, Friedmann and Townes, JJ., concur.