■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AL FOGEL, Appellant. [899 NYS2d 655]—Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Eng, J.), rendered October 3, 2005, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court (Lewis, J.) dated September 18, 2008, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment of conviction rendered October 3, 2005.

Ordered that the judgment and the order are affirmed.

Contrary to the defendant's contention, the Supreme Court did not err in granting the People's reverse *Batson-Kern* application (*see Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The

Supreme Court's determination that the facially race-neutral reasons proffered by defense counsel to explain the peremptory challenges of those jurors were pretextual is entitled to great deference on appeal and will not be disturbed where, as here, it is supported by the record (*see People v Fortunato*, 59 AD3d 735 [2009]; *People v Boston*, 52 AD3d 728, 728-729 [2008]; *People v Quito*, 43 AD3d 411, 412-413 [2007]; *People v Thompson*, 34 AD3d 852, 853 [2006]).

Moreover, the Supreme Court properly denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that the People failed to disclose certain *Brady* material (*see Brady v Maryland*, 373 US 83 [1963]). Upon review of the record, we find that there is no reasonable possibility that disclosure of the subject material would have affected the outcome of the trial (*see People v Pressley*, 91 NY2d 825 [1997]; *People v Vilardi*, 76 NY2d 67 [1990]; *People v McGee*, 232 AD2d 429 [1996]). Santucci, J.P., Angiolillo, Leventhal and Lott, JJ., concur.