■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SANTOS, Appellant. [52 NYS3d 885]—Appeal by the defend-

ant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 20, 2013, convicting him of murder in the second degree and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 2:20 a.m. on December 12, 2011, Police Officer Peter Figoski was shot in the face when he and his partner responded as backup to a call to the 911 emergency number of a burglary in progress at a house in Brooklyn. The officer was rushed to the hospital, where he died shortly thereafter. Five people were arrested and indicted in connection with the burglary and shooting: Lamont Pride, the alleged shooter, as well as the defendant and his alleged accomplices in the burglary, Nelson Morales, Ariel Tejada, and Michael Velez. Following a jury trial, the defendant was convicted of murder in the second degree (Penal Law § 125.25 [3]) and burglary in the first degree (Penal Law § 140.30 [1]).

The defendant's contention that the Supreme Court abdicated its judicial function by allowing prospective jurors who concluded that they could not be fair and impartial to opt out of serving on the jury without further inquiry is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v King*, 27 NY3d 147, 157 [2016]; *People v Cunningham*, 119 AD3d 601, 601 [2014]; *People v McGhee*, 4 AD3d 485, 485 [2004]; *People v Boozer*, 298 AD2d 261 [2002]), and, in any event, without merit.

The Supreme Court properly granted the People's reverse-*Batson* application (*see Batson v Kentucky*, 476 US 79 [1986]) with respect to two prospective jurors (*see People v Bell*, 126 AD3d 718, 720 [2015]; *People v Fogel*, 73 AD3d 803, 804 [2010]; *People v Clarke*, 64 AD3d 612, 612 [2009]). The court's determination that the facially race-neutral reasons given for the defendant's peremptory challenges to those jurors were pretextual is entitled to great deference on appeal and will not be disturbed where, as here, the determination is supported by the record (*see People v Occhione*, 94 AD3d 1021, 1022 [2012]; *People v Fogel*, 73 AD3d 803, 803-804 [2010]).

There is no merit to the defendant's contentions that his rights to confrontation, due process, and a fair trial were violated when the Supreme Court revised its ruling to allow into evidence portions of the defendant's videotaped statement to law enforcement officials that contained out-of-court statements made by an assistant district attorney that certain codefendants had implicated the defendant in the crimes. The defense counsel opened the door to the admission of those statements in his opening statement (*see People v Reid*, 19 NY3d

382, 384-385 [2012]; *People v Bryant*, 39 AD3d 768, 768 [2007]; *People v Gladden*, 298 AD2d 462, 463 [2002]; *People v Simpson*, 256 AD2d 205, 206 [1998]). Moreover, the statements were not received for their truth, but to explain why the defendant confessed to the police when he did and to rebut the defense's contention that the defendant's confession was coercively derived (*see People v Reynoso*, 2 NY3d 820 [2004]; *People v Bryant*, 39 AD3d at 768; *People v Ewell*, 12 AD3d 616, 617 [2004]; *People v Perez*, 9 AD3d 376, 377 [2004]). Further, the jury was pointedly instructed by the court that it was not to consider any of those statements as evidence against the defendant, and the jury is presumed to have followed such admonition (*see People v Davis*, 58 NY2d 1102, 1104 [1983]).

The Supreme Court's charge to the jury concerning the voluntariness of the defendant's statement to the police accurately stated the law, and the court did not improvidently exercise its discretion in declining to give the jury an expanded charge (*see People v Dunlap*, 51 AD3d 943, 944 [2008]).

The sentence imposed on the conviction of burglary in the first degree was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Chambers, Roman and Connolly, JJ., concur.