People v Greene (2019 NY Slip Op 00902)





People v Greene


2019 NY Slip Op 00902


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-03007
 (Ind. No. 618/14)

[*1]The People of the State of New York, respondent,
v
Scott A. Greene, appellant.


Laurette D. Mulry, Riverhead, NY (Louis E. Mazzola of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Fernando Camacho, J.), rendered March 4, 2016, convicting him of grand larceny in the fourth degree (two counts), petit larceny, and official misconduct (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the County Court erred in granting his retained counsel's request to be relieved is not preserved for appellate review (see People v Tineo, 64 NY2d 531, 535-536), and we decline to review the defendant's contention pursuant to our interest of justice jurisdiction. Likewise, the defendant failed to preserve for appellate review his contention that the court later improperly terminated the assignment of his assigned counsel on the court's own motion (see CPL 470.05), and we decline to review that contention in the interest of justice.
We agree with the County Court's determination granting the People's reverse-Batson challenge (see Batson v Kentucky, 476 US 79) to the defendant's exercise of a peremptory challenge to one of the prospective jurors. The court's determination that the facially neutral explanation given for the defendant's peremptory challenges to that potential juror was pretextual is entitled to great deference on appeal and will not be disturbed where, as here, the determination is supported by the record (see People v Santos, 150 AD3d 1270, 1271).
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court