People v Abreu (2019 NY Slip Op 07882)





People v Abreu


2019 NY Slip Op 07882


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-02131
 (Ind. No. 198/17)

[*1]The People of the State of New York, respondent,
v
Fabio E. Abreu, appellant.


Janet E. Sabel, New York, NY (Harold V. Ferguson, Jr., of counsel; David Friedman Oxen on the brief), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher Bae of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gene Lopez, J.), rendered January 9, 2018, convicting him of attempted burglary in the second degree and criminal trespass in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination granting the People's reverse-Batson application (see Batson v Kentucky, 476 US 79) with respect to two prospective jurors (see People v Bell, 126 AD3d 718, 720; People v Pinto, 56 AD3d 494, 494-495). The court's determination that the facially race-neutral reasons given by the defendant for his peremptory challenges to those jurors were pretextual is entitled to great deference on appeal and will not be disturbed where, as here, the determination is supported by the record (see People v Santos, 150 AD3d 1270, 1271; People v Occhione, 94 AD3d 1021, 1022; People v Fogel, 73 AD3d 803, 803-804).
The defendant's contention that the evidence was legally insufficient to support his conviction of attempted burglary in the second degree is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted burglary in the second degree (see People v Sutton, 151 AD3d 763; People v Pierce, 106 AD3d 1198). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to attempted burglary in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contention is without merit.
MASTRO, J.P., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court