People v Churaman (2020 NY Slip Op 03526)





People v Churaman


2020 NY Slip Op 03526


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2019-00730
 (Ind. No. 3089/14)

[*1]The People of the State of New York, respondent,
v
Prakash Churaman, appellant.


Ronald L. Kuby, New York, NY (Rhidaya Trivedi of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered December 11, 2018, convicting him of murder in the second degree (two counts), assault in the first degree, kidnapping in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to Supreme Court, Queens County, for a new trial in accordance herewith.
In the early evening of December 5, 2014, three men wearing masks and carrying guns forced themselves into a residence located in Queens. Two of the three residents who were there at the time were shot, one fatally. The third resident, an elderly woman, believed that she recognized one of the perpetrators, the defendant, as Nick, a friend of her grandson, through the sound of his voice.
The defendant, who was 15 years old at the time, was arrested on December 9, 2014, and interviewed by two detectives. For the first 2 hours and 45 minutes of the interview, the defendant maintained his innocence. However, he eventually confessed to his involvement in the crime but did not admit to wearing a mask or carrying a gun. Subsequently, the defendant was charged with various crimes.
Prior to trial, the defendant moved to authorize the services of an expert to investigate and testify as to whether his statements to the detectives were coerced. The Supreme Court granted the defendant's motion. Thereafter, the People moved to preclude the testimony of the defendant's expert. In an order dated October 25, 2018, the court granted the People's motion to preclude. During trial, after one of the detectives who had interviewed the defendant testified on behalf of the People, the defendant made an application to permit testimony from his expert witness. The court denied the defendant's application.
The jury convicted the defendant of murder in the second degree (two counts) (Penal Law § 125.25[3]), assault in the first degree (Penal Law § 120.10[4]), kidnapping in the second [*2]degree (Penal Law § 135.20), attempted robbery in the first degree (Penal Law § 160.15[4]), and criminal possession of a weapon in the second degree (Penal Law § 265.03[3]).
Contrary to the defendant's contention, his right to confrontation was not violated when the Supreme Court allowed into evidence portions of his videotaped statement to law enforcement officials that contained statements that nontestifying witnesses had implicated him in the crime. The statements were not received for their truth, but to explain the defendant's reaction to hearing them (see People v Santos, 150 AD3d 1270, 1272; People v Ewell, 12 AD3d 616, 617). Further, the court properly instructed the jury that it was not to consider any of the statements as evidence against the defendant, and the jury is presumed to have followed this admonition (see People v Santos, 150 AD3d at 1272).
There is no merit to the defendant's contention that the Supreme Court improvidently exercised its discretion in denying his motion for a mistrial based upon a juror's concern that she was being bullied during deliberations. "The decision to grant or deny a motion for a mistrial lies within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is necessary to protect the defendant's right to a fair trial" (People v Martin, 54 AD3d 776, 776). When a juror indicates that they are under some type of duress, the court is required to address the issue and confirm that "[the] verdict is not the product of actual or threatened physical harm" (People v Simms, 13 NY3d 867, 871; see People v Folkes, 173 AD3d 893, 896). Here, the court addressed the issue by giving a curative instruction to dissipate the cause of the duress and directed the jury to continue deliberations (see People v Pickett, 61 NY2d 773, 775). Moreover, the jurors then continued to deliberate for another day and a half before reaching a verdict (compare People v Folkes, 173 AD3d at 894, with People v Morgan, 28 NY3d 516, 522).
However, the Supreme Court improvidently exercised its discretion in denying the defendant's application to permit testimony from his expert witness on the issue of false confessions. We have previously determined that "it cannot be said that psychological studies bearing on the reliability of a confession are, as a general matter, within the ken of the typical juror'" (People v Days, 131 AD3d 972, 979, quoting People v Lee, 96 NY2d 157, 162). Thus, here, the court should not have precluded the testimony of the defendant's expert witness on this ground.
Further, "[w]ith regard to expert testimony on the phenomenon of false confessions, in order to be admissible, the expert's proffer must be relevant to the [particular] defendant and interrogation before the court'" (People v Powell, 166 AD3d 660, 661, quoting People v Bedessie, 19 NY3d 147, 161). Here, the report of the defendant's expert was sufficiently detailed so that it was relevant to this particular defendant, including discussing characteristics that heightened his vulnerability to manipulation, and the interrogation conducted by the detectives, such as the techniques that were utilized and the improper participation of the defendant's mother during the interview. As a result, the testimony of the defendant's expert should not have been precluded (see People v Days, 131 AD3d at 981; see also People v Bedessie, 19 NY3d at 159). Further, as the evidence of the defendant's guilt was not overwhelming, the error in precluding the testimony of the defendant's expert was not harmless (see People v Crimmins, 36 NY2d 230, 241-242; People v Days, 131 AD3d at 981).
Accordingly, the error warrants reversal and a new trial, at which the defendant, if he so chooses, will be permitted to present expert testimony on the issue of false confessions.
RIVERA, J.P., AUSTIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court